[Crim. No. 12716. First Dist., Div. One. Mar. 11, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
RICKEY ANDREW MANINA, Defendant and Appellant.

898

**COUNSEL**

Kenneth S. McFarlan, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg and Clifford K. Thompson, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**ELKINGTON, J.**—Penal Code section 1381, with which we are here concerned, is one of several Penal Code sections declaratory of the constitutional right to a speedy trial. Such statutes are " 'supplementary to and a construction of' the Constitution." (*Barker* v. *Municipal Court,* 64 Cal.2d 806, 812 [51 Cal.Rptr. 921, 415 P.2d 809]; *People* v. *Wilson,* 60 Cal.2d 139, 145 [32 Cal.Rptr. 44, 383 P.2d 452].) The companion statutes are section 1381.5, concerning the right of a federal prisoner to timely trial on state charges, and section 1382, providing generally for trial on felony charges within 60 days of the filing of the indictment or information. Section 1382 provides for dismissal for failure to comply, "unless good cause to the contrary is shown." ▇ While sections 1381 and 1381.5 contain no similar clause, it is established that a satisfactory showing of "good cause to the contrary" will defeat a dismissal under those sections also; this is so because " '[w]hat is a speedy trial in the constitutional sense . . . depends on the circumstances of each case bearing on . . . *good cause' for the delay* in bringing a defendant to trial. . . .'" (Italics added.) (*Barker* v. *Municipal Court, supra,* p. 812; *In re Lopez,* 39 Cal.2d 118, 120 [245 P.2d 1]; see also *Pollard* v. *United States,* 352 U.S. 354, 361 [1 L.Ed.2d 393, 399, 77 S.Ct. 481]; *People* v. *Superior Court,* 3 Cal.App.3d 476, 487 [83 Cal.Rptr. 771].)

Section 1381 provides generally that one serving a term of imprisonment in a state prison or county jail, and against whom criminal proceedings are pending in any court of this state, may deliver written notice to the prosecutor of such proceedings of his desire to be brought to trial thereon. Upon such notice, the statute requires that the defendant shall be brought to trial within 90 days; if not so brought to trial the action, upon the defendant's motion, shall be dismissed.

Such a dismissal, where the charge is a felony, is not a bar to another prosecution for the same offense; it is res judicata of none of the issues of the action, and the defendant has not suffered prior jeopardy as a result. (Pen. Code, § 1387;[1] *People* v. *Williams,* 71 Cal.2d 614, 622-623 [79 Cal.Rptr. 65, 456 P.2d 633]; *People* v. *Godlewski,* 22 Cal.2d 677, 681-682 [140 P.2d 381]; *People* v. *Clark,* 264 Cal.App.2d 44, 46 [70 Cal.Rptr. 324].) Nor does such a dismissal necessarily determine that the defendant

---

[1]Penal Code section 1387: "An order for the dismissal of the action, made as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, *but not if it is a felony.*" (Italics added.)

has been denied his constitutional right to a speedy trial. For such a conclusion would be wholly inconsistent with section 1387 permitting refiling and prosecution of the same charge.

■ Nevertheless, a failure to bring such an incarcerated defendant to trial followed by a dismissal of the action in accordance with section 1381, constitutes prima facie evidence of the denial of his constitutional right to a speedy trial. (*Sykes* v. *Superior Court,* 9 Cal.3d 83, 89 [106 Cal.Rptr. 786, 507 P.2d 90].) And while, as indicated, Penal Code section 1387 permits the prosecutor to refile the same charge, the defendant may thereafter urge that he has been denied a speedy trial on the charge. The burden then rests upon the prosecutor to establish good cause for the delay. Upon his failure to do so the action must again, and finally, be dismissed. (*Bellizzi* v. *Superior Court,* 12 Cal.3d 33, 38 [115 Cal.Rptr. 52, 524 P.2d 148] [petition for cert. filed, 43 U.S.L.Week 3319 (U.S. Nov. 25, 1974) (No. 649)]; *Sykes* v. *Superior Court, supra,* pp. 88-89.)

■ An express requirement for the operation of Penal Code section 1381, q.v., is that the defendant shall "desire to be brought to trial." Clearly implied is the condition that he shall reasonably cooperate with, and not obstruct, the prosecutor's efforts to bring on the trial within the statutory period. The statute is designed to implement the Constitution (*Barker* v. *Municipal Court, supra,* 64 Cal.2d 806, 812; *People* v. *Wilson, supra,* 60 Cal.2d 139, 145); it is not to be invoked by a defendant for the purpose of starting the statutory time running, and then by one means or another forestalling a trial within that period, thus to attain immunity from further prosecution. It is for this and perhaps other reasons, that in determining good cause for delay of a trial beyond the statutory period "only that 'prejudice' for which [defendant] was not responsible" will be considered. (*Bellizzi* v. *Superior Court, supra,* 12 Cal.3d 33, 38.)

Appellant Manina was serving a term of imprisonment in a California state prison, when felony charges unrelated to his prison sentence were filed against him in Alameda County. His Penal Code section 1381 written notice of a desire to be tried on those charges was received by the district attorney on March 28 or March 30, 1973 (the record is uncertain).

The record establishes beyond any doubt that Manina's municipal court preliminary examination was delayed almost two weeks because of the absence of his already retained and paid "private counsel," who never did appear in the case. It further shows that Manina's arraignment in the superior court on the charges was delayed because of his real, or

feigned, suicide attempt in the county jail resulting in his return to prison for "medical safety."

Manina was finally arraigned in the superior court, June 28th, *90 or 92 days* after delivery of his section 1381 notice of his desire to be tried. On that day he moved for a dismissal under the statute for the prosecution's failure to timely bring him to trial. The motion was granted by the superior court and the action was dismissed.

Manina was thereupon recharged with the same offenses, on which he was tried and convicted. He has appealed from the judgment which was thereafter entered.

The appellate contentions are that Manina was denied a speedy trial, due process of law and equal protection of the law, on account of the earlier 90-day trial delay, and the refiling of the same charges pursuant to Penal Code section 1387.

■ We first consider the claim of "denial of the right to a speedy trial."

As we have pointed out, the 90-day statutory period having run without a trial, the burden was upon the prosecutor to show good cause for the delay.

Such good cause was clearly established for the portion of the delay reasonably attributable to Manina in the municipal court and later in the superior court. (See *Bellizzi* v. *Superior Court, supra,* 12 Cal.3d 33, 38.) The prosecutor had thus established good cause for not bringing the first action to trial on or before the day of its dismissal. There was accordingly no denial of Manina's constitutional right to a speedy trial.

On his "denial of due process of the law" contention Manina recognizes that it is contrary to a holding of *People* v. *Godlewski, supra,* 22 Cal.2d 677, found on pages 682-683. He states however: "It is respectfully submitted that, though the logic appears sound at first blush, the ultimate result is anomalous and so in conflict with the only reasonable legislative motive conceivable that it should be rejected." Even though we were otherwise so inclined, we are not permitted to reject the authority of the Supreme Court of this state. (*Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) ■ And we note that it has long been expressly held by

that court that Penal Code section 1387 "is not in conflict with any provision of the constitution." (*People* v. *Kerrick,* 144 Cal. 46, 48 [77 P. 711].)

Manina's "denial of equal protection of the law" contention involves a claimed prejudicial disparity between section 1387 and the interstate "agreement on detainers" effected by Penal Code section 1389. The latter section (see art. III(a) and art. V(c) thereof) provides that upon failure to bring an out-of-state prisoner to trial in California within 180 days after request therefor, the action shall be *dismissed with prejudice.*

■ The concept of equal protection of the laws does not require absolute equality, or that a statute necessarily apply equally to all persons; rather it permits a state to provide for differences so long as the result does not amount to an invidious discrimination. (*People* v. *Jacobs,* 27 Cal.App.3d 246, 258 [103 Cal.Rptr. 536]; *Gray* v. *Whitmore,* 17 Cal.App.3d 1, 21-22 [94 Cal.Rptr. 904].) We find no invidious discrimination here. (And see *People* v. *Kerrick, supra,* 144 Cal. 46, 48.)

The judgment is affirmed.

Molinari, P. J., and Devine, J.,* concurred.

A petition for a rehearing was denied April 9, 1975, and appellant's petition for a hearing by the Supreme Court was denied July 3, 1975.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.