[Crim. No. 19230. First Dist., Div. Four. Mar. 18, 1980.]

THE PEOPLE, Plaintiff and Appellant, v.
DAN LENSCHMIDT, Defendant and Respondent.

**COUNSEL**

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and Derald E. Granberg, Deputy Attorneys General, for Plaintiff and Appellant.

Sheldon Portman, Public Defender, Marilyn L. Carmichael and Michael A. Kresser, Deputy Public Defenders, for Defendant and Respondent.

**OPINION**

**POCHÉ, J.**—The People appeal from an order dismissing an information against defendant-respondent Dan Lenschmidt. The sole question is the propriety of that dismissal under Penal Code section 1381[1] for failure to bring the matter to trial within 90 days of respondent's demand letter.

While Lenschmidt was in jail in San Mateo County awaiting trial on burglary charges, a felony complaint was filed against him in Santa Clara County. Later, on September 5, 1978, he served the District Attorney of Santa Clara County with a demand to be brought to trial within 90 days. Under the terms of section 1381[2] the 90-day period

---

[1]Unless otherwise specified, all references are to the Penal Code.

[2]Penal Code section 1381 provides as follows: "Whenever a defendant has been convicted, in any court of this state, of the commission of a felony or misdemeanor and has been sentenced to and has entered upon a term of imprisonment in a state prison or has been sentenced to and has entered upon a term of imprisonment in a county jail for a period of more than 90 days or has been committed to and placed in a county jail for more than 90 days as a condition of probation or has been committed to and placed in an institution subject to the jurisdiction of the Department of the Youth Authority or whenever any person has been committed to the custody of the Director of Corrections

commenced on that date, at the earliest.[3] On October 24—some 49 days later—defendant was arraigned in Santa Clara County Superior Court. Trial was set for December 13, a date approximately 98 days after demand was received by the prosecutor.

---

pursuant to Chapter 1 (commencing with Section 3000) of Division 3 of the Welfare and Institutions Code and has entered upon his term of commitment, and at the time of the entry upon such term of imprisonment or commitment there is pending, in any court of this state, any other criminal indictment, information, complaint, or any criminal proceeding wherein the defendant remains to be sentenced, the district attorney of the county in which such matters are pending shall bring the same defendant to trial or for sentencing within 90 days after such person shall have delivered to said district attorney written notice of the place of his imprisonment or commitment and his desire to be brought to trial or for sentencing unless a continuance beyond said 90 days is requested or consented to by such person, in open court, and such request or consent entered upon the minutes of the court in which event the 90-day period herein provided for shall commence to run anew from the date to which such consent or request continued the trial or sentencing. In the event that the defendant is not brought to trial or for sentencing within the 90 days as herein provided the court in which such charge or sentencing is pending must, on motion or suggestion of the district attorney, or of the defendant or person confined in the county jail or committed to the custody of the Director of Corrections or his counsel, or of the State Department of Corrections, or of the Department of the Youth Authority, or on its own motion, dismiss such action. If a charge is filed against a person during the time such person is serving a sentence in any state prison or county jail of this state or while detained by the Director of Corrections pursuant to Chapter 1 of Division 3 or while detained in any institution subject to the jurisdiction of the Department of the Youth Authority it is hereby made mandatory upon the district attorney of the county in which such charge is filed to bring the same to trial within 90 days after said person shall have delivered to said district attorney written notice of the place of his imprisonment or commitment and his desire to be brought to trial upon said charge, unless a continuance is requested or consented to by such person, in open court, and such request or consent entered upon the minutes of the court, in which event the 90-day period herein provided for shall commence to run anew from the date to which such request or consent continued the trial. In the event such action is not brought to trial within the 90 days as herein provided the court in which such action is pending must, on motion or suggestion of the district attorney, or of the defendant or person committed to the custody of the Director of Corrections or to a county jail or his counsel, or of the State Department of Corrections, or of the Department of the Youth Authority, or on its own motion, dismiss such charge. The sheriff, custodian or jailer shall endorse upon the written notice of defendant's desire to be brought to trial or for sentencing, the cause of commitment, the date of commitment and the date of release."

[3]The date of commencement of the 90-day period is a matter of contention between the parties. The People point out section 1381 does not become operative for a criminal defendant until, by that section's own terms, an indictment, information or complaint is pending "in any court of this state." At the time respondent sent his demand letter the felony complaint was pending before a magistrate. The People urge that a magistrate is not a "court" within the meaning of section 1381 because the Supreme Court has determined that a magistrate is not a "court" within the meaning of section 1385. (*People v. Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651].) As a result of the disposition of this case on alternate grounds, we do not address this issue.

After this arraignment and trial setting, respondent returned to San Mateo County just long enough to be sentenced to state prison. Respondent did not appear for trial in Santa Clara County on December 13; the matter was continued several times while orders to produce issued. Finally, on January 4, 1979, respondent's motion to dismiss under Penal Code section 1381 was granted.

After oral argument here we vacated submission and ordered the record augmented on our motion to include a copy of the complaint filed in municipal court and a transcript of the arraignment proceedings in superior court. An examination of the latter persuades us that grounds other than those argued are dispositive.

■ The Supreme Court has made clear that a defendant has a duty to protect his right to a speedy trial. (*Sykes* v. *Superior Court* (1973) 9 Cal.3d 83, 94 [106 Cal.Rptr. 786, 507 P.2d 90]; *People* v. *Wilson* (1963) 60 Cal.2d 139, 146-148 [32 Cal.Rptr. 44, 383 P.2d 452].) That duty is to object when his trial is set for a date beyond the statutory period. (*Sykes, supra*, at p. 94.) Here, Lenschmidt appeared with counsel in superior court on October 24, 1978, was properly arraigned, and pleaded not guilty to each charge after reserving the right to demurrer. His trial date was set for December 13 which would have been well within the normal time for a speedy trial under section 1382.

Neither counsel nor defendant made known to the court that this was a section 1381 case or that 54 days earlier a section 1381 letter had been filed. If the problem had been brought to the attention of the experienced calendar judge at the time of arraignment a date for trial meeting the requirements of section 1381 could have been set.

Our laws with respect to securing the accused a speedy public trial require some activity by the accused: "The *only* duty placed upon an accused in protecting his right to a speedy trial is to object when his trial is set for a date beyond the statutory period and then move to dismiss once that period expires, or merely move to dismiss if the statutory period expires without a trial date being set." (Italics added.) (*Sykes, supra*, at p. 94; see also *People* v. *Wilson, supra*, 60 Cal.2d 139, 146-148.)

Although *Sykes* involved section 1382, the same duty was held applicable to section 1381 situations even before *Sykes*: "where a case is set for trial, as in the present case, in the presence of the defendant *and his*

*counsel*, and no objection is made to the date being beyond the [section 1381] statutory period, the objection is deemed waived." (*People* v. *Robinson* (1968) 266 Cal.App.2d 261, 264 [72 Cal.Rptr. 33]; italics in original.) Both of these statutes are among several Penal Code sections which are declaratory of the constitutional right to a speedy trial. (*People* v. *Manina* (1975) 45 Cal.App.3d 896, 899 [120 Cal.Rptr. 51]; citing *Barker* v. *Municipal Court* (1966) 64 Cal.2d 806, 812 [51 Cal. Rptr. 921, 415 P.2d 809] and *People* v. *Wilson, supra*, 60 Cal.2d 139, 145.)

Thus, section 1381 requires a defendant to protect his right to speedy trial by speaking up when a date set for trial infringes on that right. Neither inadvertence nor gamesmanship dissipates that duty.

The judgment is reversed.

Rattigan, Acting P. J., and Christian, J., concurred.

A petition for a rehearing was denied April 4, 1980, and the opinion was modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied May 14, 1980. Bird, C. J., Mosk, J., and Newman, J., were of the opinion that the petition should be granted.