[Crim. No. 13746. Third Dist. Apr. 12, 1985.]

THE PEOPLE, Plaintiff and Appellant, v.
RONALD EUGENE BOGGS, Defendant and Respondent.

852

COUNSEL

John K. Van de Kamp, Attorney General, Richard Thompson and Joel Carey, Deputy Attorneys General, for Plaintiff and Appellant.

Carolyn Morris, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

EVANS, Acting P. J.—This appeal is brought by the People from an order dismissing an information for lack of speedy trial. Defendant had been charged in two counts of forgery (Pen. Code, § 470).[1]

---

[1]All section references are to the Penal Code.

In August 1983, defendant was sentenced to state prison from Merced County. At that time, charges were pending against him in Fresno County (Clovis Judicial District, No. F004314-1) and Butte County (the instant case—Oroville Judicial District, No. 40877).

On October 14, 1983, approximately two weeks after placement in the correctional institution at Susanville, defendant sent a section 1381 notice to the district attorney in both Fresno County and Butte County, demanding trial on the charges pending in each county within 90 days. Each county received its demand notice on October 24, 1983.

On November 1, 1983, the Fresno County Superior Court issued an order to produce, directing the superintendent of the Correctional Center at Susanville to deliver defendant to the custody of the Fresno County Sheriff or his representative. Defendant was transferred to Fresno County on November 4, 1983.

On November 9, 1983, 16 days after the District Attorney of Butte County had received defendant's section 1381 notice, the Butte County Superior Court likewise issued its order to produce. However, since defendant had already been transferred to Fresno County, it was not possible for the Correctional Center at Susanville to comply.

On December 6, 1983, defendant pled guilty to two counts of forgery in Fresno County, and on January 3, 1984, he was sentenced to prison.

On January 17, 1984, defendant was returned to Susanville. On February 3, 1984 (102 days after original receipt of defendant's § 1381 notice), the Butte County Superior Court issued a second order to produce, and on February 13, defendant was transferred to Butte County.

On February 28, 1984, defendant filed in the justice court a motion to dismiss for lack of a speedy trial; that motion was denied on March 1, 1984. On March 15, 1984, the preliminary hearing was held, at which time defendant renewed his motion for dismissal. That court again denied the motion and held defendant for trial.[2]

On May 1, 1984, defendant again filed written notice to dismiss pursuant to section 1381 on the ground he had been denied his right to a speedy trial.

---

[2]On March 26, 1984, an information was filed in the Butte County Superior Court, charging defendant with two counts of forgery. (§ 470.) The information further alleged defendant served three prior prison terms within the meaning of section 667.5, subdivision (b).

On March 28, 1984, defendant entered a plea of not guilty and denied the prior prison sentences. The trial date was set for May 21, 1984.

Following a hearing on May 17, 1984, the Superior Court Judge, Reginald M. Watt, granted defendant's motion and dismissed the case.

## DISCUSSION

The People argue the court erroneously dismissed the action pursuant to section 1381. We agree.

Section 1381, in relevant part, provides that a person serving a term in a state prison, against whom another criminal charge was pending at the time his term began, has a right to have the pending charge brought to trial in 90 days after written notice to the district attorney; and, if the action is not brought to trial within the 90-day period, the court, either on its own motion, on the motion of the district attorney, or the person confined or his counsel, or the Director of Corrections, must dismiss the charge.

Principally, the People argue the 90-day period for commencement of trial under section 1381 should be tolled for any delay caused by defendant's simultaneous demands for speedy trial. We agree the 90-day period may be tolled, but not as asserted by the People.

The purpose of section 1381 "is to permit a defendant to obtain concurrent sentencing at the hands of the court in which the earlier proceeding is pending, if such is the court's discretion. [Citations.]" (*Boles* v. *Superior Court* (1974) 37 Cal.App.3d 479, 484 [112 Cal.Rptr. 286].) "That section was placed in the law so that a prisoner could clean up pending charges as well as charges arising while in a prison status so that he would not have these charges hanging over him and waiting for him on his release." (*People* v. *Simpson* (1973) 30 Cal.App.3d 177, 181 [106 Cal.Rptr. 254].) Section 1381 was not intended to be used as a means of avoiding prosecution. (*People* v. *Manina* (1975) 45 Cal.App.3d 896, 900 [120 Cal.Rptr. 51].)[3]

A reading of section 1381 makes obvious the fact that the drafters of the section did not contemplate a situation in which a defendant is made unavailable for prosecution within 90 days by reason of simultaneous de-

---

[3]"An express requirement for the operation of Penal Code section 1381, q.v., is that the defendant shall 'desire to be brought to trial.' Clearly implied is the condition that he shall reasonably cooperate with, and not obstruct, the prosecutor's efforts to bring on the trial within the statutory period. The statute is designed to implement the Constitution (*Barker* v. *Municipal Court, supra,* [1966] 64 Cal.2d 806, 812 [51 Cal.Rptr. 921, 415 P.2d 809]; *People* v. *Wilson, supra,* [1963] 60 Cal.2d 139, 145 [32 Cal.Rptr. 44, 383 P.2d 452]); it is not to be invoked by a defendant for the purpose of starting the statutory time running, and then by one means or another forestalling a trial within that period, thus to attain immunity from further prosecution." (*Manina, supra,* 45 Cal.App.3d at p. 900.)

mands for speedy trial in different jurisdictions.[4] Logic demands the 90-day period under section 1381 be tolled when defendant has been made unavailable for trial in one county by virtue of being detained in trial proceedings in another. (Cf. *People* v. *Mahan* (1980) 111 Cal.App.3d 28, 33 [168 Cal.Rptr. 428]; *People* v. *Brusell* (1980) 108 Cal.App.3d 712, 718-719 [166 Cal.Rptr. 690].)

Section 1381 does not preclude a defendant from making simultaneous demands for speedy trial to more than one county. Accordingly, by a literal application of the section it is conceivable that a defendant serving a prison term with charges pending against him in more than one other county could obtain automatic dismissal of pending charges in one county by making simultaneous demands for speedy trial pursuant to section 1381 in both counties in which charges were pending. Such an absurd windfall to a defendant was not intended. (Cf. *People* v. *Manina, supra,* 45 Cal.App.3d at p. 901; *Boles* v. *Superior Court, supra,* 37 Cal.App.3d at p. 484; *People* v. *Simpson, supra,* 30 Cal.App.3d at p. 181.)[5]

---

[4]Section 1381 states in relevant part: "Whenever a defendant has been convicted, in any court of this state, of the commission of a felony or misdemeanor and has been sentenced to and has entered upon a term of imprisonment in a state prison or has been sentenced to and has entered upon a term of imprisonment in a county jail for a period of more than 90 days or has been committed to and placed in a county jail for more than 90 days as a condition of probation or has been committed to and placed in an institution subject to the jurisdiction of the Department of the Youth Authority or whenever any person has been committed to the custody of the Director of Corrections pursuant to Chapter 1 (commencing with Section 3000) of Division 3 of the Welfare and Institutions Code and has entered upon his term of commitment, and at the time of the entry upon such term of imprisonment or commitment there is pending, in any court of this state, any other indictment, information, complaint, or any criminal proceeding wherein the defendant remains to be sentenced, the district attorney of the county in which such matters are pending shall bring the same defendant to trial or for sentencing within 90 days after such person shall have delivered to said district attorney written notice of the place of his imprisonment or commitment and his desire to be brought to trial or for sentencing unless a continuance beyond said 90 days is requested or consented to by such person, in open court, and such request or consent entered upon the minutes of the court in which event the 90-day period herein provided for shall commence to run anew from the date to which such consent or request continued the trial or sentencing. In the event that the defendant is not brought to trial or for sentencing within the 90 days as herein provided the court in which such charge or sentencing is pending must, on motion or suggestion of the district attorney, or of the defendant or person confined in the county jail or committed to the custody of the Director of Corrections or his counsel, or of the State Department of Corrections, or of the Department of the Youth Authority, or on its own motion, dismiss such action."

[5]Nor do we believe it was their intent to deprive a defendant of the benefit of speedy trial under section 1381 simply because the defendant had made demands for speedy trial in more than one county which would result in an overlap in the 90-day period each county has in which to bring the defendant to trial.

The People alternatively argue the inapplicability of section 1381 when a defendant makes simultaneous demands for speedy trial. For the reason stated, we find no merit to this contention.

■ A dismissal pursuant to section 1381, where the charge is a felony, is not a bar to another prosecution for the same offense. (*People* v. *Manina, supra,* 45 Cal.App.3d at p. 899.) ■ However, the fact the People can refile the complaint under section 1387 does not alter our view. The People should not be burdened by first having to refile a complaint in order to prosecute a defendant merely because the defendant had chosen multiple locales in which to commit crime and then has the ingenuity to gain dismissal under section 1381 by means of simultaneous demands for speedy trial.[6]

Here, defendant was transferred from Susanville to Fresno County on November 4, 1983. Consequently, defendant was unavailable for transfer to Butte County pursuant to the court order issued November 9, 1983. Defendant was sentenced in Fresno County on January 3, 1984, and not returned to Susanville until January 17, 1984. Thus, defendant first became available for transfer to Butte County after January 17, 1984. (Cf. *People* v. *Mahan, supra,* 111 Cal.App.3d at p. 33; *People* v. *Brusell, supra,* 108 Cal.App.3d at pp. 718-719.) Consequently, the 90-day period for commencement of trial under section 1381 must be tolled until that date. Such tolling of the 90-day period would permit Butte County to avoid dismissal of defendant's case under section 1381 by starting defendant's trial prior to April 16, 1984 (90 days from Jan. 17, 1984).

■ The Supreme Court has made clear that a defendant has a duty to protect his right to a speedy trial. (*Sykes* v. *Superior Court* (1973) 9 Cal.3d 83, 94 [106 Cal.Rptr. 786, 507 P.2d 90]; *People* v. *Wilson* (1963) 60 Cal.2d 139, 146-148 [383 P.2d 452].) "That duty is to object when his trial is set for a date beyond the statutory period. (*Sykes, supra,* at p. 94.)" (*People* v. *Lenschmidt* (1980) 103 Cal.App.3d 393, 396 [163 Cal.Rptr. 68].) Here, Boggs appeared with counsel in superior court on March 28, 1984, was properly arraigned, and pleaded not guilty to the charges and denied three prior felony convictions charged. His trial date was set for May 21, 1984, beyond the time required for a speedy trial pursuant to section 1381.

The record does not indicate that either counsel or defendant made known to the court that this was a section 1381 case. If the problem had been brought to the attention of the calendar judge at the time of arraignment, ample time was still available to schedule a date for trial, meeting the requirements of section 1381, i.e. before April 16, 1984.

---

[6]Defendant argues the Legislature had already provided for an "escape hatch" for dismissal under section 1381 by permitting the 90-day commencement period to be extended upon request by the prosecution or consent by the defendant. He is wrong. The language of section 1381 clearly gives the option to extend the period for commencement of trial only to the defendant.

"Our laws with respect to securing the accused a speedy public trial require some activity by the accused: 'The *only* duty placed upon an accused in protecting his rights to a speedy trial is to object when his trial is set for a date beyond the statutory period and then move to dismiss once that period expires, or merely move to dismiss if the statutory period expires without a trial date being set.' (Italics added.) (*Sykes, supra,* at p. 94; see also *People* v. *Wilson, supra,* 60 Cal.2d 139, 146-148.)" (*People* v. *Lenschmidt, supra,* 103 Cal.App.3d at p. 396.) It is quite apparent that section 1381 requires a defendant to protect his rights to a speedy trial as required pursuant to section 1381 by speaking up when a date set for trial infringes on that right. "Neither inadvertence nor gamesmanship dissipates that duty." (*Id.,* at p. 397.)

The judgment (order) is reversed.

Carr, J., and Sims, J., concurred.

A petition for a rehearing was denied May 9, 1985, and respondent's petition for review by the Supreme Court was denied August 1, 1985.