[No. F056089. Fifth Dist. Sept. 23, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD GALINDO CONTRERAS, Defendant and Appellant.

COUNSEL

Tara K. Hoveland, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and John A. Bachman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

GOMES, J.—Richard Galindo Contreras argues two issues—delay in violation of state and federal constitutional due process and speedy trial guarantees and ineffective assistance of counsel—both of which arise out of sentencing after delivery to the district attorney of a Penal Code section 1381 demand for sentencing.[1] We affirm the judgment.

## PROCEDURAL BACKGROUND

On January 18, 2005, the district attorney filed two documents, a complaint that charged Contreras with, inter alia, possession of a controlled substance on January 14, 2005, and that alleged seven prison-term priors (Health & Saf. Code, § 11350, subd. (a); Pen. Code, § 667.5, subd. (b)) and a notice that informed him he did not meet the eligibility requirements for a deferred entry of judgment program due to his prior conviction of "an offense involving controlled substances or restricted dangerous drugs" (see § 1000).

On January 25, 2005, Contreras executed an advisement of rights, waiver, and plea form for Proposition 36 probation, entered a plea of guilty to possession of a controlled substance, admitted two prison-term priors, and acknowledged, inter alia, a maximum possible sentence of five years in state prison if he were to violate probation. (Health & Saf. Code, § 11350, subd. (a); Pen. Code, §§ 667.5, subd. (a), 1210 et seq.)

On February 23, 2005, as recommended by the probation officer, the court granted Proposition 36 probation to Contreras for three years on, inter alia, the conditions that he obey all laws and that if he were "arrested for any non drug-related offense" or were to "violate any non drug-related condition of probation" the court could revoke probation and impose sentence "pursuant to otherwise applicable law."

On November 10, 2005, the probation officer filed a petition for revocation of probation on the basis of Contreras's commission of, inter alia, a robbery

---

[1] Later statutory references are to the Penal Code except where otherwise noted.

in Tulare County on May 2, 2005. (§ 211.) On November 21, 2005, the court revoked his probation and issued a no-bail bench warrant for his arrest.[2]

On July 21, 2008, Contreras admitted his violation of probation. On August 28, 2008, the court sentenced him to an aggregate four-year term (the two-year midterm for possession of a controlled substance and two consecutive one-year prior-prison-term enhancements).[3] (Health & Saf. Code, § 11350; Pen. Code, § 667.5, subd. (b).)

## ISSUES ON APPEAL

Contreras argues (1) delay of his sentencing in violation of state and federal constitutional due process and speedy trial guarantees and (2) ineffective assistance of counsel due to his attorney's failure to insist on sentencing before his release from prison on parole.

## DISCUSSION

### 1. *Delay of Sentencing*

Contreras argues delay of his sentencing in violation of state and federal constitutional due process and speedy trial guarantees. The Attorney General argues the contrary.

█ Although Contreras challenges the delay not on a state *statutory* basis but on state and federal *constitutional* grounds, our inquiry begins with the speedy trial statute he invoked (§ 1381) since state speedy trial statutes (§§ 1381–1389.8) are " 'supplementary to and a construction of' " the state constitutional speedy trial guarantee.[4] (*People v. Martinez* (2000) 22 Cal.4th 750, 766 [94 Cal.Rptr.2d 381, 996 P.2d 32] (*Martinez*).)

---

[2] Details of the procedural background after the revocation of probation and before the sentencing appear in the discussion below. (See pt. 1, *post.*)

[3] Although the reporter's transcript of the probation and sentencing hearing shows that term, the minute order and the abstract of judgment show a different term. "When there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Walz* (2008) 160 Cal.App.4th 1364, 1367, fn. 3 [73 Cal.Rptr.3d 494], citing, inter alia, *People v. Mitchell* (2001) 26 Cal.4th 181, 185–186 [109 Cal.Rptr.2d 303, 26 P.3d 1040] (*Mitchell*).) A reviewing court has the authority to correct clerical errors without a request by either party, so we order the appropriate relief. (*Mitchell, supra*, at pp. 186–187; *post*, Disposition.)

[4] In relevant part, the statute Contreras invoked provides: "Whenever a defendant . . . has been sentenced to and has entered upon a term of imprisonment in a state prison . . . and . . . there is pending . . . any criminal proceeding wherein the defendant remains to be sentenced, the district attorney . . . shall bring the defendant . . . for sentencing within 90 days after the person shall have delivered to said district attorney written notice of the place of his or her imprisonment or commitment and his or her desire to be brought . . . for sentencing unless a

Before sentencing Contreras on August 28, 2008, the court asked for comment. The prosecutor said, "I guess my only response would be at this point the defendant has paroled from CDC, so I don't really think there is anything to run the sentence consecutive or concurrent to, I think he just needs to be sentenced."[5] Contreras's attorney said that his client "believes that he was informed in his Tulare County case that his plea in that case took care of everything that he had in front of him. I did have the opportunity to peruse the minute orders from Tulare County in that case, and of course as I expected, there is nothing or could there legally be anything addressing any case in Kings County." Contreras said that "in November of '05 I filed a 1381 in Delano and I never heard back. I was there 14 months. It wasn't until I got to Corcoran another 12 months later when I—when the warrant popped up again. So I've been trying to take care of this since '05."

With reference to Contreras's claim that he filed a section 1381 demand in 2005, the prosecutor said, "I'm reviewing my file now just to make sure that I didn't miss a 1381 demand that was sent in earlier, but as far as my knowledge, those were—the one that he's present on now is the only one that we've received and we're in compliance with it, so . . ." The court asked, "You did receive one?" The prosecutor replied, "Yes, that's what brought him back here was a 1381 demand that he filed." Contreras's attorney interjected, "I believe it was dated 5/14 of '08; is that correct?" The prosecutor replied, "That's correct." Contreras's attorney confirmed, "That's the one that the People have a record of, and the one that we're aware of."

Apart from Contreras's self-serving statement, which lacks any corroboration at all, the record shows no section 1381 demand other than the one bearing a date of May 14, 2008. Indeed, the record shows that the prosecutor and Contreras's attorney both searched for another section 1381 demand and found none. So with regard to Contreras's attempt to establish delay dating from a section 1381 demand other than the one bearing a date of May 14, 2008, he fails to meet his burden of showing error by an adequate record. (See *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [157 Cal.Rptr. 874, 599 P.2d 65].)

As to the sole section 1381 demand in the record, the statutory 90-day period within which the district attorney had to bring Contreras to court for sentencing on his probation violation commenced not on the date when he

continuance beyond the 90 days is requested or consented to by the person, in open court, and the request or consent entered upon the minutes of the court in which event the 90-day period shall commence to run anew from the date to which the consent or request continued the trial or sentencing. In the event that the defendant is not brought . . . for sentencing within the 90 days the court in which the . . . sentencing is pending shall . . . dismiss the action." (§ 1381.)

[5] "CDC" is a reference to the Department of Corrections, now the Department of Corrections and Rehabilitation. For consistency, later references to that entity are also to "CDC."

*executed* the demand but on the date when he *"delivered"* the demand to the district attorney. (Italics added.) The demand bore a date of May 14, 2008 (a Wednesday), but the parties cite to nothing in the record showing the date of delivery. Our own review of the record discloses none, either.

The record shows only that on May 19, 2008 (a Monday), the district attorney prepared a request for Contreras's release from Corcoran State Prison and transportation to court for arraignment on June 16, 2008; that on May 20, 2008 (a Tuesday), the court executive officer received the district attorney's request; and that on May 21, 2008 (a Wednesday), the court executive officer filed, and the court granted, the district attorney's request. From that record, the only date inferable as the date when Contreras *delivered* the section 1381 demand to the district attorney is May 19, 2008, the date when the district attorney prepared the request. To infer an earlier date is to indulge in rank speculation.

At his arraignment on June 16, 2008, Contreras denied a violation of probation, and the court, at his attorney's request, calendared a contested hearing for July 11, 2008, but on the latter date he admitted a violation of probation and, at his attorney's request, waived time for sentencing to August 15, 2008—88 days after delivery to the district attorney of the section 1381 demand—to allow time for preparation and review of a supplemental probation officer's report on "time credits and consecutive versus concurrent sentencing."

On August 15, 2008, Contreras informed the court he had "just paroled right now," but, as a transport officer noted, he had a pending Kings County detainer. "Probation was unable to find Mr. Contreras in the prison system," the court stated, adding that calculation of his custody credits "may take us a little bit longer to sort out" since he "may have used different names or different social security numbers." His attorney agreed, adding that the probation officer might still need "a little time . . . to sort . . . out" the issues of state prison custody status and custody credit calculation despite the filing of the supplemental probation officer's report a week earlier.

So the court and counsel looked for a mutually agreeable continuance date. Since Contreras's attorney had four sentencing hearings and a jury trial on one possible date and the court had a commitment to outlying courts on another possible date, the court suggested a 13-day continuance to August 28, 2008. "Are you willing to wait that long, Mr. Contreras?," the court inquired. "I don't think I got much choice," he replied. "That's probably true," the court said, calendaring his sentencing for August 28, 2008—11 days after August 17, 2008, the last day of the 90-day period in section 1381.

█ "The Supreme Court has made clear that a defendant has a duty to protect his right to a speedy trial." (*People v. Lenschmidt* (1980) 103 Cal.App.3d 393, 396 [163 Cal.Rptr. 68] (*Lenschmidt*), citing, e.g., *Sykes v. Superior Court* (1973) 9 Cal.3d 83, 94 [106 Cal.Rptr. 786, 507 P.2d 90] (*Sykes*).) "Although *Sykes* involved section 1382 [the statutory right to speedy trial generally], the same duty was held applicable to section 1381 situations even before *Sykes*: 'where a case is set for trial, as in the present case, in the presence of the defendant *and his counsel*, and *no objection is made* to the date being beyond the [section 1381] statutory period, the objection is deemed waived.' " (*Lenschmidt*, at pp. 396–397, quoting *People v. Robinson* (1968) 266 Cal.App.2d 261, 264 [72 Cal.Rptr. 33], original & added italics.) "Both of these statutes [§§ 1381 & 1382] are among several Penal Code sections which are declaratory of the constitutional right to a speedy trial." (*Lenschmidt*, at p. 397, citing *People v. Manina* (1975) 45 Cal.App.3d 896, 899 [120 Cal.Rptr. 51] [disapproved on another ground in *Crockett v. Superior Court* (1975) 14 Cal.3d 433 [121 Cal.Rptr. 457, 535 P.2d 321] as stated by *People v. Clark* (1985) 172 Cal.App.3d 975, 983 [218 Cal.Rptr. 481]]; *Barker v. Municipal Court* (1966) 64 Cal.2d 806, 812 [51 Cal.Rptr. 921, 415 P.2d 809] (*Barker*).) "Thus," *Lenschmidt* concluded, "section 1381 requires a defendant to protect his right to speedy trial by speaking up when a date set for trial infringes on that right. Neither inadvertence nor gamesmanship dissipates that duty." (*Lenschmidt*, at p. 397.)

On that point, the record in *People v. Tahtinen* (1958) 50 Cal.2d 127 [323 P.2d 442] (*Tahtinen*) is instructive. After the court proposed a brief continuance and asked the defendant, " 'Will that be agreeable with you . . . ?,' " he replied, " 'It will have to be, I guess.' " (*Id.* at p. 133.) The colloquy between the court and counsel in *Tahtinen*, our Supreme Court noted, "reveals that had defendant insisted, trial would have proceeded on [an earlier date]. Thus, he consented, even though reluctantly, to the continuance." (*Ibid.*) Likewise, the colloquy here shows that, if Contreras had insisted, the court would have proceeded with sentencing on August 15, 2008, even though he, his attorney, and the court agreed that securing additional information about state prison custody status and custody credit calculation was preferable. He, like the defendant in *Tahtinen*, consented, though reluctantly, to the continuance.

█ Although the reporter's transcript shows Contreras's consent, the minutes do not. Since section 1381 requires sentencing within 90 days after delivery of the demand to the district attorney unless "a continuance beyond the 90 days is requested or consented to by the person, in open court, *and* the request or consent entered upon the minutes of the court," the question arises whether the defect in the minutes vitiates his consent. (Italics added.)

■ The Supreme Court has made clear that a court's statutory duty to make a minute entry is *mandatory* if the requirement was established for a public reason but *directory* if the statute was intended for a defendant's benefit. (*People v. Bonnetta* (2009) 46 Cal.4th 143, 151–153 [92 Cal.Rptr.3d 370, 205 P.3d 279] (*Bonnetta*).) In *Bonnetta*, the court invoked section 1385 to dismiss numerous enhancements in a drug prosecution so as to impose a sentence agreed to by the defense but not by the prosecution. (46 Cal.4th at p. 148.) The district attorney appealed, arguing, inter alia, that the dismissals were ineffective because the court had not set forth the reasons in an order entered upon the minutes.[6]

■ "A century of judicial decision, looking to the Legislature's intent in enacting Penal Code section 1385, has construed its provisions to be 'mandatory,' " *Bonnetta* held, so "an order of dismissal is ineffective in the absence of a written statement of reasons entered upon the minutes." (*Bonnetta, supra,* 46 Cal.4th at p. 146.) *Bonnetta* rejected the defense argument that "the district attorney waived the error by failing to remind the court of the necessity of a written order." (*Id.* at p. 152.) The court's "failure to set forth the reasons for a dismissal in an order entered upon the minutes is not a routine defect in sentencing" but "a violation of a mandatory requirement put in place to benefit the public by assuring that a court through neglect or abuse of discretion has not misused the 'great power' of dismissal." (*Ibid.*, citing *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 531 [53 Cal.Rptr.2d 789, 917 P.2d 628].) Although a " 'person may waive the advantage of a law intended for his or her benefit,' " *Bonnetta* explained, " ' "a law established for a public reason cannot be waived or circumvented by a private act or agreement." ' " (*Bonnetta, supra,* at p. 152, citations omitted.)

■ By parity of reasoning, the right that section 1381 confers on a prisoner already serving one sentence to sentencing in a pending matter within the statutory 90-day period was intended for the prisoner's benefit, not established for a public reason, so the statutory requirement of an entry in the minutes showing the prisoner's consent to a continuance is *directory*, not *mandatory*, and the absence of that entry from the minutes is a routine defect in sentencing that neither vitiates the prisoner's consent nor entitles the prisoner to a dismissal.[7]

---

[6] In relevant part, the statute provides: "The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes." (§ 1385, subd. (a).)

[7] The consequence of a violation of section 1381 is "only dismissal of the probation revocation proceedings, and not the dismissal of the convictions underlying the grant of probation." (*People v. Wagner* (2009) 45 Cal.4th 1039, 1053 [90 Cal.Rptr.3d 26, 201 P.3d 1168].)

■ To establish a state *constitutional* speedy trial violation without a *statutory* speedy trial violation, Contreras has the burden "to affirmatively demonstrate that the delay has prejudiced the ability to defend against the charge." (*Martinez, supra,* 22 Cal.4th at p. 766.) The test of a state constitutional speedy trial violation and a state constitutional due process violation converge, so " 'regardless of whether defendant's claim is based on a due process analysis or a right to a speedy trial not defined by statute, the test is the same, i.e., any prejudice to the defendant resulting from the delay must be weighed against justification for the delay.' " (*Id.* at p. 767, quoting *Scherling v. Superior Court* (1978) 22 Cal.3d 493, 505 [149 Cal.Rptr. 597, 585 P.2d 219].)

■ The record shows abundant justification for the delay. On August 28, 2008, the court observed just before sentencing Contreras on the violation of probation that the probation officer informed an officer at Corcoran state prison of the "defendant's three CDC numbers and they were unable to locate him. One of the numbers appeared to be assigned to the defendant, however, it indicated he was discharged in 2003; however, the defendant was sentenced to state prison on three separate cases out of Tulare County in 2005. This officer then provided the defendant's social security number, date of birth and full name and they were still unable to locate him likely because the defendant has utilized numerous social security numbers and dates of birth; consequently, this officer was not able to interview the defendant."

As the court noted, Contreras made himself "not likely to be located easily throughout this entire process." Even if a statewide computer system were in place to help ensure that "people don't do extra time," the court commented, "we would not be able to locate the defendant given different names, different social security numbers, different dates of birth."

In the weighing of justification for the delay against prejudice from the delay, Contreras has the burden to affirmatively demonstrate that the delay prejudiced his ability to defend against the charge. (*Martinez, supra,* 22 Cal.4th at p. 766.) His admission of a violation of probation precludes him from carrying his burden and, in turn, from showing a violation of state constitutional due process and speedy trial guarantees. (*Id.* at pp. 766–768.)[8]

■ So we turn to Contreras's federal constitutional arguments. The United States Supreme Court identifies four factors for courts to assess in

---

[8] If Contreras had carried his burden, we could have reached his argument that the delay *also* prejudiced him by his loss of an opportunity to serve a concurrent sentence, but that alone is insufficient to establish prejudice. (*People v. Lowe* (2007) 40 Cal.4th 937, 946 [56 Cal.Rptr.3d 209, 154 P.3d 358], citing *Barker, supra,* 64 Cal.2d at p. 813.) No evidence is in the record of a deliberate violation by the prosecutor of the duty to expedite criminal proceedings "to the greatest degree that is consistent with the ends of justice." (§ 1050, subd. (a).)

determining if a violation of the Sixth Amendment guarantee of a speedy trial, a right that "is 'fundamental' and is imposed by the Due Process Clause of the Fourteenth Amendment on the States," has occurred: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." (*Barker v. Wingo* (1972) 407 U.S. 514, 515, 530 [33 L.Ed.2d 101, 92 S.Ct. 2182].) "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." (*Id.* at p. 530.) The delay here—from August 15, 2008, when Contreras consented to a continuance, to August 28, 2008, when the court imposed sentence—was 13 days long. He cites to no authority, nor are we aware of any, that a 13-day delay is presumptively prejudicial. So there is no necessity for inquiry into the other factors that are otherwise relevant to a possible violation of federal constitutional due process and speedy trial guarantees. (*Ibid.*)

### 2. *Assistance of Counsel*

Contreras argues ineffective assistance of counsel due to his attorney's failure to insist on sentencing before his release from prison on parole. The Attorney General argues the contrary.

 By guaranteeing "access to counsel's skill and knowledge" and an " 'ample opportunity to meet the case of the prosecution,' " the right to counsel protects the due process right to a fair trial. (*Strickland v. Washington* (1984) 466 U.S. 668, 684–686 [80 L.Ed.2d 674, 104 S.Ct. 2052] (*Strickland*); see *People v. Ledesma* (1987) 43 Cal.3d 171, 215 [233 Cal.Rptr. 404, 729 P.2d 839].) Representation at sentencing is within the scope of those rights. (*In re Perez* (1966) 65 Cal.2d 224, 229–230 [53 Cal.Rptr. 414, 418 P.2d 6]; *People v. Cropper* (1979) 89 Cal.App.3d 716, 719 [152 Cal.Rptr. 555].) Contreras's ineffective assistance of counsel claim requires him to show " 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' " (*Williams v. Taylor* (2000) 529 U.S. 362, 390 [146 L.Ed.2d 389, 120 S.Ct. 1495], quoting *Strickland, supra*, 466 U.S. at p. 687.)

The record shows that on his attorney's request, and with Contreras's consent, the court ordered a 13-day continuance on August 15, 2008, calendaring sentencing for August 28, 2008, to allow time for clarification of his state prison custody status and custody credit calculation, since his *own* use of "different names, different dates of birth, different social security numbers" not only complicated CDC's recordkeeping but also impeded the probation officer's attempt to interview him. He disparages his attorney but obfuscates the true origins of his dilemma: "O what a tangled web we weave,

When first we practise to deceive!" (Sir Walter Scott, "Marmion" (1808) canto 6, stanza 17.) His ineffective assistance of counsel claim is meritless.

## DISPOSITION

The matter is remanded with directions to the superior court (1) to correct the clerical errors in the minute order and in the abstract of judgment to show imposition of an aggregate four-year term (the two-year midterm for possession of a controlled substance and two one-year prior-prison-term enhancements) and (2) to send a certified copy of the amended abstract of judgment to each appropriate person. (*Mitchell, supra,* 26 Cal.4th 181, 187–188.) Contreras has no right to be present at those proceedings. (See *People v. Price* (1991) 1 Cal.4th 324, 407–408 [3 Cal.Rptr.2d 106, 821 P.2d 610].) Otherwise the judgment is affirmed.

Ardaiz, P. J., and Wiseman, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 17, 2009, S177190. Baxter, J., did not participate therein.