Filed 1/8/24  P. v. Davis CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C097720 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FER-2020-0001328) |
| v. | |
| MAURICE TERRELL DAVIS, | |
| Defendant and Appellant. | |

A trial court in San Joaquin County found defendant Maurice Terrell Davis guilty of multiple auto theft-related counts, but Davis failed to appear for sentencing.  He was arrested approximately six months later on other charges in Stanislaus County, then convicted and sentenced in that case.  While serving his sentence in Stanislaus County,

Davis sent a notice under Penal Code[1] section 1381 to the San Joaquin County District Attorney's Office, notifying them they were required to bring him to "trial" within 90 days. The San Joaquin County prosecutor took no action in response to the notice and Davis filed a motion to dismiss the case, which the trial court denied. The trial court then sentenced Davis to a five-year split sentence, to run concurrently with the Stanislaus County sentence.

Davis argues the trial court erred when it denied his motion. The People agree the trial court erred, but assert any error was harmless. We conclude any prejudice is speculative and will thus affirm the judgment.

BACKGROUND

Police officers arrested Davis in connection with the theft of two cars. The San Joaquin County prosecutor charged Davis with two counts of unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)) and two counts of receiving stolen property (§ 496d, subd. (a)). As to each count, it was alleged Davis had seven prior auto theft convictions. (§ 666.5, subd. (a).)

Davis elected to have a bench trial based on the preliminary hearing transcript and police reports. The trial court found Davis guilty of one count of unlawfully taking a vehicle and one count of receiving stolen property. The court also found true the prior auto theft conviction allegations.

Davis failed to appear for the sentencing hearing on April 5, 2021. On October 5, 2021, he was arrested on other charges in Stanislaus County. On May 18, 2022, the Stanislaus County Superior Court sentenced Davis with a tentative release date of April 1, 2024. On June 13, 2022, Davis filled out a form notice under section 1381 for the San Joaquin County District Attorney's Office. The form listed Davis's name and

---

[1] Undesignated statutory references are to the Penal Code.

charges and requested that he "be brought to trial on the above charges as set forth under section 1381 of the Penal Code." A sheriff's deputy signed the form as a witness and Davis sent the form to the San Joaquin County District Attorney's Office. The San Joaquin County District Attorney's Office received the form on June 27, 2022, but did not take any action. At some point, Davis called the district attorney's office to check on the status of his case.

On October 19, 2022, Davis filed a motion to dismiss the case under section 1381. The prosecution opposed the motion.

On November 28, 2022, the trial court denied the motion, saying: "Well, it's a 1381 demand, but it says he wants his trial. He already had his trial. It doesn't say anything about sentencing. So I don't think he's complied with 1381 as far as the sentencing requests. So I don't believe it has to be dismissed. So I will deny the motion to dismiss."

On December 5, 2022, the trial court sentenced Davis to a five-year split sentence, with four years in county jail and one year on community supervision. The court ordered the sentence to run concurrently with any other terms Davis was serving and awarded custody credits for the time he served in San Joaquin County, subject to correction if additional credits were warranted for the time spent in custody in Stanislaus County.

Davis filed a notice of appeal with this court in January 2023. His opening brief was filed in August 2023, and this case was fully briefed on October 19, 2023.

DISCUSSION

Davis argues the trial court abused its discretion when it denied his motion to dismiss, saying he complied with the requirements set out in the statute. The People agree the trial court erred, but assert any error was harmless because Davis received concurrent sentencing, fulfilling the purpose of section 1381.

"Section 1381 provides, in pertinent part, that a state prisoner may demand to be brought 'for sentencing within 90 days' of giving appropriate notice to the district

3

attorney where 'any other indictment, information, complaint, or *any criminal proceeding wherein the defendant remains to be sentenced*' is currently pending.  (Italics added.)  'In the event that the defendant is not brought to trial or for sentencing within the 90 days the court in which the charge or sentencing is pending shall . . . *dismiss the action*.'  (*Ibid*., italics added.)"  (*People v. Wagner* (2009) 45 Cal.4th 1039, 1045.)

"The purpose of section 1381 'is to permit a defendant to obtain concurrent sentencing at the hands of the court in which the earlier proceeding is pending, if such is the court's discretion.  [Citations.]'  (*Boles v. Superior Court* (1974) 37 Cal.App.3d 479, 484.)  'That section was placed in the law so that a prisoner could clean up pending charges as well as charges arising while in a prison status so that he would not have these charges hanging over him and waiting for him on his release.'  (*People v. Simpson* (1973) 30 Cal.App.3d 177, 181.)  Section 1381 was not intended to be used as a means of avoiding prosecution.  (*People v. Manina* (1975) 45 Cal.App.3d 896, 900.)"  (*People v. Boggs* (1985) 166 Cal.App.3d 851, 855.)

Although a defendant is not required to show prejudice to prevail on a motion to dismiss for noncompliance with the statutory time limits, a defendant is required to show the erroneous denial of his motion was prejudicial on appeal.  (*People v. Martinez* (2000) 22 Cal.4th 750, 769.)  Courts considering similar situations have generally rejected claims of prejudice based solely on the loss of an opportunity to serve a concurrent sentence.  (*People v. Lowe* (2007) 40 Cal.4th 937, 945-946.)

Here, although the prosecutor failed to act on Davis's case and the trial court denied his motion to dismiss on erroneous grounds, the trial court did order Davis's sentence be served concurrently with the Stanislaus County term.  The trial court was not otherwise obligated to impose the sentence concurrently; a concurrent sentence was not contemplated when the parties first discussed sentencing when Davis was choosing to waive his right to a jury trial.  Moreover, the Stanislaus County case and the current case involved completely different crimes, and the court could have chosen to impose a

4

consecutive sentence. (Cal. Rules of Court, rule 4.425.) By imposing a concurrent sentence, the trial court thus achieved the goal of section 1381, even if the prosecution failed in its application.

Davis argues that, despite the imposition of the concurrent sentence, he was still deprived of the benefits of the sentence because, had he been sentenced in a timely fashion, his sentence would have started to run — and would eventually end — earlier. Davis's calculations, however, are speculative, and assume a hypothetical scenario where he was sentenced immediately upon the receipt of his initial notice. As noted above, nothing required the trial court to impose a concurrent sentence, and it is possible that, if the trial court had immediately sentenced Davis, the court could have imposed a consecutive sentence. There are no other indicators of actual prejudice from the lack of speedy sentencing, such as lost evidence, faded memories, or witness unavailability. (*People v. Lowe, supra*, 40 Cal.4th at p. 946; *People v. Gutierrez* (1994) 30 Cal.App.4th 105, 111-112.) Any error was thus harmless.

DISPOSITION

The judgment is affirmed.

/s/<br>
BOULWARE EURIE, J.

We concur:

/s/<br>
EARL, P. J.

/s/<br>
ROBIE, J.

5