Filed 8/18/20  P. v. Goodson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074643 |
| v. | (Super.Ct.No. CR61218) |
| KURT LEE GOODSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed with directions.

Christopher Nalls, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Kurt Lee Goodson filed a petition for resentencing pursuant to Penal Code section 1170.95, which the court dismissed.  After counsel for defendant filed a notice of appeal, this court appointed counsel to represent him.  Counsel

1

has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potentially arguable issue: whether the court erred in denying defendant's petition. We affirm with directions.

## I. PROCEDURAL BACKGROUND[1]

"[D]efendant was found in the driver's seat of a Honda Civic that landed on the hood of a King Video Cable repair truck after first hitting a pickup truck and then spiraling through the air . . . . The driver of the pickup truck died as a result of the severe injuries he sustained in the collision. Defendant denied he was driving the car at the time of the collision . . . ." (*Goodson*, *supra*, E019189.) Later, at the hospital when questioned by an officer, defendant stated that "'he was going 50 to 60 miles an hour' when he came to the intersection." (*Ibid.*) Thereafter, the officer "wanted to question him about the stolen Honda so she 'read him his rights.' Defendant then 'declined' to talk and 'wanted his lawyer.'" (*Ibid.*) A defense witness testified "that he was driving and defendant was the passenger in the car that hit and killed the driver of the pickup truck." (*Ibid.*)

On August 6, 1996, a jury convicted defendant of second degree murder, the unlawful taking or driving of a vehicle without the consent of the owner, and driving with a suspended license. Defendant appealed. We affirmed the conviction but remanded the

---

[1] We take judicial notice of the record in *People v. Goodson* (Apr. 21, 1998, E019189) [nonpub. opn.] (*Goodson*), defendant's appeal from the original judgment. (Evid. Code, § 459.) We derive much of our factual recitation from the opinion in that matter.

2

matter to the trial court to amend defendant's sentence. After the court imposed a new sentence on remand, defendant appealed again. In a nonpublished opinion from this court dated July 16, 1999 (case No. E023697), this court again affirmed but remanded the matter to the trial court with directions to, again, amend the sentence. The court sentenced defendant to a determinate term of 10 years of imprisonment followed by a consecutive term of 45 years to life.

On January 7, 2019, defendant filed a petition for resentencing pursuant to Penal Code section 1170.95. The People filed a response arguing the petition should be denied because defendant was the actual killer. Defense counsel filed a reply in which she contended the court should set the matter for an evidentiary hearing.

At the hearing on the petition, the People moved to dismiss the petition because defendant "was the driver of a stolen car that collided with the victim's car, killing him. He was the actual killer. There are also letters from the defendant in imaging admitting that he was the driver and guilty." Defense counsel responded, "I don't necessarily disagree with the rendition of the facts in this case; however, based on the current status of what's in the supreme court, I would object for the record." The court then dismissed the matter.[2]

---

[2] The reporter's transcript reflects that the court dismissed the matter. The minute order indicates the court denied the petition. We shall direct the court to correct the minute order. (See *People v. Jones* (2012) 54 Cal.4th 1, 89 [The minute order "'does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize.'"].) The reviewing court has the authority to correct clerical errors in the minute order. (*People v. Contreras* (2009) 177 Cal.App.4th 1296, 1300, fn. 3.)

## II.  DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.[3]

## III.  DISPOSITION

The order is affirmed.  The court is directed to modify its January 17, 2020 minute order to reflect that the court dismissed, rather than denied, defendant's petition for resentencing.

McKINSTER
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.

---

[3]  We recognize that the court in *People v. Cole* (Aug. 3, 2020, B304328) ___ Cal.App.5th ___ [2020 Cal.App. Lexis 717], recently held "that *Wende*'s constitutional underpinnings do not apply to appeals from the denial of postconviction relief . . . ." (*Cole*, at pp. *1-*2.)  Nonetheless, pursuant to its supervisory authority, *Cole* determined to employ a quasi-*Wende* review to postjudgment cases, giving the defendant the right to file a supplemental brief when defense counsel files a *Wende* brief.  The court would then dismiss the case if the defendant failed to file a supplemental brief or would address the issues raised if defendant did file a supplemental brief.  (*Cole*, at p. *2.)  Pursuant to the same supervisory authority, we elect to conduct a traditional *Wende* review in criminal appeals from the denial or dismissal of postconviction avenues of relief.

4