Filed 12/16/20  P. v. Williams CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075483 |
| v. | (Super.Ct.No. RIF1803077) |
| LEONARD CLARENCE WILLIAMS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed with directions.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Defendant and appellant, Leonard Clarence Williams, pled guilty to two counts of committing lewd and lascivious acts upon a child under the age of 14 years by force or

1

fear. (Pen. Code, § 288, subd. (b)(1), counts 2 & 3.)[1] Defendant also admitted that he had suffered a prior strike conviction. (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1).) Pursuant to the plea agreement, the superior court sentenced defendant to 30 years of imprisonment.

After defense counsel filed a notice of appeal, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potentially arguable issue: whether the superior court sentenced defendant in accordance with his plea bargain. We affirm.

## I. PROCEDURAL BACKGROUND

The People charged defendant by first amended information with sexual penetration of a child under 14 years of age by force or fear (§ 269, subd. (a)(5), count 1), eight counts of committing lewd and lascivious acts upon a child under the age of 14 by force or fear (§ 288, subd. (b)(1), counts 2-9), and misdemeanor sexual battery (§ 243.4, subd. (e)(1), count 10). The People alleged the offenses in counts 1 through 9 occurred against one victim, and the offense in count 10 occurred against a second victim. The People also alleged defendant had suffered a prior strike conviction. (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1).)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

Defendant pled guilty to two counts of committing lewd and lascivious acts upon a child under the age of 14 years by use of force or fear (Pen. Code, § 288, subd. (b)(1), counts 2 & 3)[2] and admitted that he had suffered a prior strike conviction (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)). Pursuant to the plea agreement, the superior court sentenced defendant to 30 years of imprisonment and dismissed the remaining counts.[3]

## II. DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues. However, we shall direct the superior court to correct the minute order to reflect that all remaining counts were dismissed, i.e., counts 1 and 4 through 10. (*People v. Contreras* (2009) 177 Cal.App.4th 1296, 1300, fn. 3 [The reviewing court has the authority to correct clerical errors in the minute order.].)

---

[2] The factual basis for the plea consisted of defendant's admissions that he had committed the offenses as charged.

[3] The minute order erroneously reflects that only counts 1 and 10 were dismissed. The plea agreement expressly provided for the dismissal of all other counts and allegations. After sentencing, the judge asked the People, "Remaining counts and allegations dismissed?" The People responded, "So moved." The judge replied, "They are dismissed on motion of the People."

## III.  DISPOSITION

The judgment is affirmed.  The trial court is directed to correct the June 30, 2020 sentencing minute order to reflect that counts 1 and 4 through 10 were dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER

Acting P. J.

We concur:


SLOUGH

J.


RAPHAEL

J.