Filed 5/21/21  P. v. Clark CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074941 |
| v. | (Super.Ct.No. RIF151250) |
| DONYETTE YVONNE CLARK, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Ronald L. Taylor, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed with directions.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Collette Cavalier and Adrian R. Contreras, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant, Donyette Yvonne Clark, filed a petition for resentencing pursuant to Penal Code section 1170.95,[1] which the court dismissed. Defendant contends the court erred in dismissing her petition on the grounds that section 1170.95 does not apply to those convicted of attempted murder. We affirm.

## I. PROCEDURAL BACKGROUND[2]

A jury convicted defendant of four counts of willful, deliberate, and premediated attempted murder (§§ 664, 187, subd. (a); counts 1, 2, 3, & 7); active participation in a criminal street gang (§ 186.22, subd. (a); count 8); and discharge of a firearm from a vehicle (§ 12034, subd. (c); count 9). (*People v. Clark*, *supra*, E049959.) The jury additionally found true allegations that she committed the offenses in counts 1, 2, 3, 7, and 9 for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)), and that a principal other than defendant discharged a firearm in the commission of each crime (§ 12022.53, subds. (d), (e)(1)). (*Ibid.*)

---

[1] All further statutory references are to the Penal Code.

[2] The facts of the case are irrelevant to the issue raised on appeal.

On October 16, 2020, we reserved ruling on respondent's request for judicial notice filed October 9 and the opposition filed October 15. The request is granted, and we take judicial notice of this court's nonpublished opinion from the appeal of defendant's judgment. (*People v. Clark* (Feb. 8, 2011, E049959) [nonpub. opn.].)

On January 4, 2021, we reserved ruling on appellant's request for judicial notice filed October 16, 2020. The request is denied as unnecessary to the resolution of the appeal.

On December 29, 2009, the trial court sentenced defendant to a total term of imprisonment of 80 years to life, consisting of consecutive 15-year-to-life terms on counts 1 and 7, plus consecutive 25-year-to-life terms for the firearm enhancements on counts 1 and 7. The court also imposed concurrent but otherwise identical terms on the attempted murder convictions and firearm enhancements in counts 2 and 3. (*People v. Clark*, *supra*, E049959.) The court stayed sentence on counts 8 and 9 pursuant to section 654. (*Ibid.*)

On January 2, 2019, defendant filed a petition for resentencing pursuant to section 1170.95. On March 1, the People filed a response, primarily arguing that section 1170.95 was unconstitutional, but also arguing, in the alternative, that defendant was not entitled to relief because she was convicted of attempted murder, not murder. At the hearing on defendant's petition, the People moved to dismiss defendant's petition because she had been "convicted of four counts of attempted murder," not murder. The court granted the motion and dismissed the petition.[3]

---

[3] The reporter's transcript reflects that the court dismissed the petition. The minute order indicates the court denied the petition. We shall direct the trial court to correct the minute order. (See *People v. Jones* (2012) 54 Cal.4th 1, 89 [The minute order "'does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize.'"].) The reviewing court has the authority to correct clerical errors in the minute order. (*People v. Contreras* (2009) 177 Cal.App.4th 1296, 1300, fn. 3.)

## II. DISCUSSION

Defendant contends the trial court erred in dismissing her petition on the grounds that section 1170.95 does not apply to those convicted of attempted murder. We disagree.

"Senate Bill 1437 [(2017-2018 Reg. Sess.)] narrowed the scope of liability for first and second degree murder by altering the doctrines that had allowed convictions for those offenses in the absence of malice. Effective January 1, 2019, Senate Bill 1437 made that change by amending sections 188 and 189 to restrict the scope of first degree felony murder and to eliminate murder liability based on the natural and probable consequences doctrine." (*People v. Sanchez* (2020) 48 Cal.App.5th 914, 917.)

"The Legislature also added section 1170.95 to the Penal Code. That provision creates a procedure for offenders previously convicted of felony murder or murder under a natural and probable consequences theory to obtain the benefits of these changes retrospectively. If the petitioner makes a prima facie showing of entitlement to relief under section 1170.95, subdivision (a), the petitioner is entitled to receive 'a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not been previously . . . sentenced.'" (*People v. Sanchez*, *supra*, 48 Cal.App.5th at p. 917.)

"By its plain language, section 1170.95 . . . makes resentencing relief available only to qualifying persons convicted of murder." (*People v. Sanchez*, *supra*, 48 Cal.App.5th at p. 918; accord *People v. Larios* (2019) 42 Cal.App.5th 956, 970, review granted Feb. 26, 2020, S259983 ["[T]he relief provided in section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder."]; accord *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1105, review granted Nov. 13, 2019, S258175 ["The plain language meaning of Senate Bill 1437 as excluding any relief for individuals convicted of attempted murder is fully supported by its legislative history."]; *People v. Munoz* (2019) 39 Cal.App.5th 738, 753, review granted Nov. 26, 2019, S258234 ["Senate Bill 1437 does not apply to attempted murder convictions."]; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1018, review granted Mar. 11, 2020, S259948 ["[T]he relief provided in section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder."]; *People v. Dennis* (2020) 47 Cal.App.5th 838, 841, review granted July 29, 2020, S262184 ["Senate Bill 1437 . . . reaches the crime of murder but has no application to attempted murder."]; accord *People v. Love* (2020) 55 Cal.App.5th 273, 286, review granted Dec. 16, 2020, S265445 ["In our view, Senate Bill 1437's legislative history pretty clearly establishes that its amendments apply to the crime of murder and to that crime alone."]; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 223 ["Senate Bill 1437 does not apply to attempted murder."]; accord *People v. Harris* (2021) 60 Cal.App.5th 557, 566, review granted Apr. 21, 2021, S267529 ["[R]elief under section 1170.95 is not

5

available to those convicted of attempted murder."].)  We agree with the previous panels of this court in *People v. Sanchez* and *People v. Harris* that the plain language of section 1170.95 limits relief to those convicted of murder; no reference to attempted murder appears in section 1170.95.  Thus, the trial court properly dismissed defendant's section 1170.95 petition because she was convicted of attempted murder, not murder.

Three courts have held that Senate Bill No. 1437 does apply to those convicted of attempted murder but only on direct appeal from the judgment:  "[W]e conclude Senate Bill 1437 precludes any imposition of vicarious liability under the natural and probable consequences doctrine if the charged offense requires malice aforethought.  Because malice cannot be imputed to a defendant who aids and abets a target offense without the intent to kill, the natural and probable consequences doctrine is no longer a viable theory of accomplice liability for attempted murder." (*People v. Medrano*, *supra*, 42 Cal.App.5th at p. 1013; accord *People v. Larios*, *supra*, 42 Cal.App.5th at p. 968 ["Senate Bill 1437's abrogation of the natural and probable consequences doctrine as stated in section 188, subdivision (a)(3) necessarily applies to attempted murder."]; accord *People v. Sanchez* (2020) 46 Cal.App.5th 637, 644, review granted June 10, 2020, S261768 ["[W]e conclude Senate Bill No. 1437 abrogates the natural and probable consequences doctrine in attempted murder prosecutions."].)  However, "the section 1170.95 petitioning procedure does not apply to defendants for their convictions of attempted murder . . . ." (*Medrano*, at p. 1008; accord *Larios*, at p. 961 ["[S]ection 1170.95 provides no relief for the crime of attempted murder."]; accord *People v.*

*Sanchez*, *supra*, 46 Cal.App.5th at p. 644 [The conclusion that "Senate Bill No. 1437 abrogates the natural and probable consequences doctrine in attempted murder prosecutions . . . applies retroactively on direct appeal."])  Thus, even if we assumed that Senate Bill No. 1437 applied to convictions for attempted murder, the petitioning and resentencing procedures of section 1170.95 do not.  Therefore, because defendant's appeal is from the denial of a section 1170.95 petition and not from the judgment, she is not entitled to any relief.  The trial court properly dismissed the section 1170.95 petition.

### III.  DISPOSITION

The judgment is affirmed.  The trial court is directed to modify its February 28, 2020, minute order to reflect that the court dismissed, rather than denied, defendant's petition for resentencing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                Acting P. J.

We concur:


MILLER
                    J.


MENETREZ
                    J.

7