Filed 7/19/21  P. v. Brightmon CA4/2
*See dissenting opinion*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074478 |
| v. | (Super.Ct.No. CR66248) |
| TODD DeWAYNE BRIGHTMON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed as modified.

Kevin J. Lindsley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Meredith S. White and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant, Todd DeWayne Brightmon, filed a petition for resentencing pursuant to Penal Code section 1170.95,[1] which the court dismissed. On appeal, defendant contends the court erred in summarily dismissing his petition. We affirm with modifications.

## I. PROCEDURAL BACKGROUND[2]

A jury found defendant guilty of first degree murder (§ 187, subd. (a), count 1) and found true multiple felony-murder special circumstances (§ 190.2, subd. (a)(17)). (*Brightmon*, *supra*, E027391.) The jury additionally found true allegations that a principal was armed with a firearm in the commission of the murder. (§ 12022, subd. (a)(1).) Allegations that defendant had suffered four prior prison terms (§ 667.5, subd. (b)) and a prior strike conviction (§§ 667, subds. (c), (e), 1170.12, subd. (c)) were also found true. The court sentenced defendant to life imprisonment without the possibility of parole, plus five years. Defendant appealed the judgment, which this court affirmed by opinion filed September, 20, 2001.[3] (*Brightmon*, *supra*, E027391.)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] On our own motion, we take judicial notice of the record in defendant's appeal from the original judgment, on which the People below relied, and both parties on appeal rely on for their recitation of the facts. (*People v. Brightmon* (Sept. 20, 2001, E027391) [nonpub. opn.] (*Brightmon*); see Evid. Code, § 459.) Nonetheless, we find the facts unnecessary to our resolution of the issues on appeal.

[3] This court modified the judgment only insofar as striking a parole revocation fine. (*Brightmon*, *supra*, E027391.)

2

On September 4, 2019, defendant filed a petition for resentencing pursuant to section 1170.95.[4]  The People filed a response, in which they argued, in part, that the petition should be denied because the jury had found true "special circumstance findings that [required] [it] find [defendant] intended to kill or was a major participant [acting] with reckless indifference" to human life.  Defense counsel filed a reply contending defendant had "made a prima facie showing that he[] is entitled to relief.  It is necessary to conduct further investigation to determine what role, if any, petitioner played in the offense and for the court to examine if [defendant] could be convicted under the law as amended . . . ."

At the hearing on the petition on December 13, 2019, the People moved to dismiss the petition because "there was a felony-murder special circumstance found true."  The People also noted, in reliance upon this court's opinion from defendant's appeal from the judgment, that defendant had "testified for a codefendant and admitted that he shot the victim.  So he's the actual killer based on his own testimony."  The court asked defense counsel if she took issue with the People's representation that defendant had testified that

---

  **4**  Defendant filed a form petition on which he did not check the boxes indicating that he "did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree," and that he "was not a major participant in the felony **or** . . . did not act with reckless indifference to human life during the course of the crime or felony."

3

he was the actual shooter. Defense counsel responded that she did not. The court dismissed the petition over defense counsel's objection.[5]

## II. DISCUSSION

Defendant contends the trial court erred in dismissing his petition based on this court's recitation of defendant's testimony at trial, recounted in this court's opinion from the judgment.[6] (*Brightmon*, *supra*, E027391.) He maintains that the error was not harmless because the jury rendered the special circumstance findings prior to the decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which require a "much more rigorous analysis" for determining when a defendant acted with reckless disregard for human life.

---

[5] The reporter's transcript reflects that the trial court *dismissed* the petition; however, the minute order indicates it *denied* the petition. We shall direct the court to correct its minute order. (See *People v. Jones* (2012) 54 Cal.4th 1, 89 [The minute order "'does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize.'"].) The reviewing court has the authority to correct clerical errors in the minute order. (*People v. Contreras* (2009) 177 Cal.App.4th 1296, 1300, fn. 3.)

[6] As defendant notes, the issue of whether superior courts can "consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95," is currently pending before the California Supreme Court. (*People v. Lewis* (2020) ___ Cal.5th ___ [2020 Cal. Lexis 1946].) Nonetheless, as it now stands, when ruling on a section 1170.95 petition, the court may rely upon the record of conviction, including any prior appellate opinion. (*People v. Offley* (2020) 48 Cal.App.5th 588, 596-598; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1173, 1177-1178, review granted June 24, 2020, S262011; *People v. Drayton* (2020) 47 Cal.App.5th 965, 980.)

Preliminarily, though not raised by either party on appeal or below, we note that defendant failed to allege a prima facie case by not checking the boxes on his form petition reflecting that he did not intend to kill and that he was not a major participant acting with reckless indifference to human life during the course of the crime or felony.[7] This, in and of itself, would have rendered defendant ineligible for relief as a matter of law.[8] Nonetheless, although we agree that the court erred by dismissing the petition based on a determination that defendant was the actual killer,[9] that decision was harmless because the jury had found true robbery-murder special circumstances, which defendant has failed to challenge by the appropriate vehicle, a petition for writ of habeas corpus.

---

[7] "'[T]he prima facie showing the [petitioner] must make is that he [or she] did not, in fact, act [as required] or harbor the mental state required . . . for a murder conviction under current law.'" (*People v. Rivera* (2021) 62 Cal.App.5th 217, 230.) "Section 189, subdivision (e), as amended, provides that a participant in a specified felony is liable for murder for a death during the commission of the offense . . . if one of the following is proven: '(1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life.'" (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 248.)

[8] "'"[W]e will affirm a judgment correct on any legal basis, even if that basis was not invoked by the trial court. [Citation.] There can be no prejudicial error from erroneous logic or reasoning if the decision itself is correct."'" (*Anderson v. Davidson* (2019) 32 Cal.App.5th 136, 144.)

[9] As defendant accurately points out, although defendant testified he had possession of the gun when it "went off," killing the victim, he was not convicted as the actual killer; instead, a jury found defendant's codefendant guilty as the actual killer of the victim, for which the court sentenced him to death. (*Brightmon*, *supra*, E027391; see *People v. Johnson* (2015) 61 Cal.4th 734, 740.)

5

*A.      Legal Background.*

"In 2018 the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) . . . , which abolished the natural and probable consequences doctrine . . . .  Under section 189, subdivision (e), as amended by Senate Bill No. 1437, a defendant is guilty of felony murder only if he:  actually killed the victim; directly aided and abetted or solicited the killing, or otherwise acted with the intent to kill; or 'was a major participant in the underlying felony and acted with reckless indifference to human life.'  [Citations.]  The legislation also enacted section 1170.95 [(Stats. 2018, ch. 1015, § 4)], which established a procedure for vacating murder convictions for defendants who would no longer be guilty of murder because of the new law and resentencing those who were so convicted." (*People v. Murillo* (2020) 54 Cal.App.5th 160, 166 (*Murillo*), review granted Nov. 18, 2020, S264978.)

"Section 1170.95 allows a defendant serving a sentence for felony murder who would not be guilty of murder because of the new law to petition for resentencing.  The statute requires a defendant to submit a petition affirming that he meets three criteria of eligibility:  (1) He was charged with murder in a manner 'that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine' [citation]; (2) He 'was convicted of' or pleaded guilty to 'first degree murder or second degree murder' [citation]; and (3) He 'could not be convicted of first or second degree murder because of changes to Section[s] 188 or 189 made effective' as a part of Senate Bill No. 1437 [citation].  As described above, those changes eliminated the natural and probable consequences doctrine as a basis for murder liability,

6

and added a requirement for felony murder that a defendant must have been at least a major participant in the underlying felony and have acted with reckless indifference to human life." (*Murillo*, *supra*, 54 Cal.App.5th at p. 166.)

Section 1170.95, subdivision (b), states that the petition must include: a declaration from the petitioner that he or she is eligible for relief under the statute, the trial court's case number and year of conviction, and a statement as to whether the petitioner requests appointment of counsel. (§ 1170.95, subd. (b)(1).) If any of the required information is missing and cannot "readily [be] ascertained by the court, the court may deny the petition without prejudice to the filing of another petition." (*Id.*, at subd. (b)(2).)

Section 1170.95, subdivision (c), sets forth the trial court's responsibilities once a complete petition has been filed: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." If the court issues an order to show cause, it must hold a hearing to determine whether to vacate the murder conviction. (*Id.*, at subd. (d).) At that hearing, the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (*Id.*, at subd. (d)(3).) The prosecutor and petitioner "may rely on the

7

record of conviction or offer new or additional evidence to meet their respective burdens." (*Ibid.*)

In short, a section 1170.95 petitioner must first make a prima facie case for relief and, if they are able to do so, the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and recall the sentence. (See, e.g., *People v. Verdugo* (2020) 44 Cal.App.5th 320, 328, review granted Mar. 18, 2020, S260493.) "'A prima facie showing is one that is sufficient to support the position of the party in question.'" (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137, review granted Mar. 18, 2020, S260598, quoting *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 851.)

In this case, the trial court dismissed defendant's petition at the first stage of prima facie review under section 1170.95, subdivision (c). "A denial at that stage is appropriate only if the record of conviction demonstrates that 'the petitioner is ineligible for relief as a matter of law.' [Citations.] This is a purely legal conclusion, which we review de novo." (*Murillo*, *supra*, 54 Cal.App.5th at p. 167; accord, *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1137, 1142 (*Galvan*), review granted Oct. 14, 2020, S264284.)

"To be eligible for resentencing under section 1170.95, [a defendant] must show that he 'could not be convicted of first or second degree murder because of changes to Section[s] 188 or 189 made effective' as a part of Senate Bill No. 1437. [Citation.] Under the newly amended version of section 189, a defendant can be convicted of felony murder only if he was the actual killer; acted with the intent to kill in aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting in first degree

murder; or 'was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.'" (*Murillo*, *supra*, 54 Cal.App.5th at p. 167.)

A jury's special circumstance finding shows as a matter of law that the defendant could still be convicted of murder under the new definition; thus, preventing the defendant from making a prima facie case that he is eligible for resentencing under section 1170.95. (*Murillo*, *supra*, 54 Cal.App.5th at p. 167; *Galvan*, *supra*, 52 Cal.App.5th at p. 1141 ["Because a defendant with a felony-murder special circumstance could still be convicted of murder, he is ineligible as a matter of law to have his murder conviction vacated."]; *People v. Gomez* (2020) 52 Cal.App.5th 1, 15 (*Gomez*), review granted Oct. 14, 2020, S264033; accord, *People v. Jones* (2020) 56 Cal.App.5th 474, 482 (*Jones*), review granted Jan. 27, 2021, S265854 ["A defendant with a special circumstance finding under section 190.2, subdivision (d) is not eligible for relief under section 1170.95 as a matter of law."]; contra, *People v. Torres* (2020) 46 Cal.App.5th 1168, 1173 (*Torres*), review granted June 24, 2020, S262011 [trial court's exclusive use of jury's special circumstance findings alone was not sufficient to preclude § 1170.95]; accord, *People v. Smith* (2020) 49 Cal.App.5th 85, 94 (*Smith*), review granted July 22, 2020, S262835 [some special circumstance findings will not preclude § 1170.95 eligibility as a matter of law]; *People v. York* (2020) 54 Cal.App.5th 250, 258 (*York*), review granted Nov. 18, 2020, S264954 ["[A] pre-*Banks* and *Clark* special circumstance finding cannot preclude eligibility for relief under . . . section 1170.95 *as a matter of law* . . . ."]; *People v. Secrease* (2021) 63 Cal.App.5th 231, 254 (*Secrease*) ["[A] murder

9

defendant facing a pre-*Banks* and *Clark* felony-murder special circumstance may properly allege that the murder conviction is no longer valid 'because of changes to Section 188 or 189 made effective January 1, 2019.'"].)

B.    *Robbery-murder Special Circumstance Findings.*

Here, the jury found defendant guilty of first degree murder with multiple robbery-murder special circumstances. (*Brightmon*, *supra*, E027391.) As this court held in its prior opinion, evidence relating to another murder charged against defendant's codefendant was relevant to prove defendant acted with reckless indifference to human life in the murder charged against defendant, which was required under section 190.2 in order for the jury to find the robbery-murder special circumstance allegations true. (*Ibid*.)

The jury's findings, even under current law, would render defendant ineligible for relief pursuant to section 1170.95. (§ 189, subd. (e)(2), (e)(3); *People v. Verdugo*, *supra*, 44 Cal.App.5th at p. 326; *Murillo*, *supra*, 54 Cal.App.5th at p. 167 [true finding on burglary special murder circumstance rendered defendant ineligible for § 1170.95 relief]; accord, *Galvan*, *supra*, 52 Cal.App.5th at pp. 1140-1141 [any murder special circumstance finding under § 190.2, subd. (a)(17), renders defendant ineligible for § 1170.95 relief as a matter of law]; *Jones*, *supra*, 56 Cal.App.5th at p. 482 ["A defendant with a special circumstance finding under section 190.2, subdivision (d) is not eligible for relief under section 1170.95 as a matter of law."]; cf. *Gomez*, *supra*, 52 Cal.App.5th at p. 15 [the jury's true findings on robbery and kidnapping special circumstance allegations rendered defendant ineligible for § 1170.95 relief as a matter of law]; contra, *Torres*,

*supra*, 46 Cal.App.5th at p. 1173; accord, *Smith*, *supra*, 49 Cal.App.5th at p. 94; accord, *York*, *supra*, 54 Cal.App.5th at p. 258; *Secrease*, *supra*, 63 Cal.App.5th at p. 254.) We agree with *Gomez, Galvan*, *Murillo*, and *Jones* and hold that the jury's robbery-murder special circumstance findings in this case necessarily established, at minimum, as a matter of law, that defendant was a major participant who acted with reckless indifference to human life. Thus, the trial court properly dismissed defendant's petition.

C.   *The Proper Vehicle to Challenge a Felony-murder Special Circumstance Finding is a Petition for Writ of Habeas Corpus.*

Despite the jury's robbery-murder special circumstance findings, defendant contends that the evidence is insufficient to support a finding that he was a major participant in the robbery, who acted with reckless indifference to human life under *Banks* and *Clark*, which were decided subsequent to the judgment in his case. He therefore asserts he may maintain a challenge to the sufficiency of the evidence to support those findings in his section 1170.95 proceedings. We disagree.

A number of cases have found that "the proper remedy for challenging a special circumstance finding is by a petition for habeas corpus, not a petition for resentencing under section 1170.95." (*Galvan*, *supra*, 52 Cal.App.5th at p. 1137; see *Murillo*, *supra*, 54 Cal.App.5th at pp. 167-168); *Gomez, supra*, 52 Cal.App.5th at p. 17; *Jones, supra*, 56 Cal.App.5th at pp. 483-484 ["'Jury instructions regarding the mental state required for a felony-murder special circumstance are not defective if they do not include the *Banks* and *Clark* factors. [Citation.] Indeed, the pattern jury instruction regarding major participation and reckless indifference remains the same as it was

11

before *Banks* and *Clark*.'".]) Petitioners like defendant "'had the same incentive' at their original trials to attempt to minimize their involvement in the robbery and their culpability for the killings as they would have had if their trials 'had taken place after *Banks* and *Clark*.' [Citation.] In short, *Banks* and *Clark* did not significantly narrow the definitions of 'major participant' and 'reckless indifference,' and there is no basis for concluding that [defendant's] jury was asked to resolve different factual issues than a correctly instructed post-*Banks/Clark* jury would be asked to resolve." (*Jones*, at p. 484.) We agree with *Gomez, Galvan, Murillo*, and *Jones* and hold that the proper procedure of challenging a felony-murder special circumstance finding is a petition for writ of habeas corpus.[10] Thus, the trial court properly dismissed defendant's petition for resentencing summarily.

---

[10] We acknowledge the contrary holdings in *Torres*, *supra*, 46 Cal.App.5th 1168, *Smith*, *supra*, 49 Cal.App.5th 85, *York*, *supra*, 54 Cal.App.5th 250, and *Secrease*, *supra*, 63 Cal.App.5th 231, which would allow defendants to challenge the validity of murder convictions that predated the *Banks* and *Clark* decisions, by requiring the People to prove, once again, the special circumstances beyond a reasonable doubt. We simply disagree that the language of section 1170.95 provides defendant an opportunity to relitigate special circumstance findings because of the clarification of the requirements for those findings in *Banks* and *Clark*.

## III.  DISPOSITION

The order denying defendant's petition for resentencing pursuant to Penal Code section 1170.95 is affirmed.  The superior court is directed to modify its December 13, 2019, minute order to reflect that it dismissed, rather than denied, defendant's petition for resentencing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
                                                                                                                J.

I concur:


RAMIREZ
                                        P. J.

13

[*People v. Brightmon*, E074478]

RAPHAEL, J., Dissenting.

I respectfully dissent because I think it incorrect to require defendant and appellant Todd DeWayne Brightmon, who is challenging his murder conviction under Penal Code section 1170.95 (section 1170.95), to set aside his robbery murder special circumstance finding through a petition for a writ of habeas corpus before obtaining review here.

The changes to Penal Code section 189, subdivision (e)(3) effective at the beginning of 2019 make it possible for a defendant convicted on a felony murder theory to challenge his murder conviction under section 1170.95 on the ground that he was not a major participant in the underlying felony who acted with reckless indifference to human life. Lumord Johnson received the death penalty as the shooter who killed the victim (*People v. Johnson* (2015) 61 Cal.4th 734), while defendant was convicted on a felony murder theory in a 1995 jury trial. Defendant's jury was required to find he was a "major participant" with "reckless indifference" when it found true his robbery murder special circumstance. (Maj. opn., *ante*, at p. 10.) But no court reviewed whether the facts were sufficient under the later decided *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

I think our division had it right in *People v. Law* (2020) 48 Cal.App.5th 811, 825, when we held that in such a situation, the special circumstance finding, on its own, does not preclude an evaluation of the murder conviction under section 1170.95. Today, following other cases, the majority agrees that defendant can *potentially* have a court review whether the murder conviction is valid, but cannot do so now. The "proper

1

vehicle" is a habeas petition challenging the special circumstance findings under *Banks* and *Clark*. (Maj. opn., *ante*, at p. 11). If the defendant is successful on habeas, then he can file a new section 1170.95 petition to attack his murder conviction. In contrast, I see nothing in the text or purpose of the statute to require that the special circumstance be set aside through a habeas petition before the murder conviction can be evaluated through a section 1170.95 petition.

This is not just a matter of how a petition is labeled. Habeas petitions are subject to procedural bars that may preclude relief. Here, there is a serious possibility that a habeas writ is unavailable to defendant because the facts at his trial were in dispute. (See *In re Scoggins* (2020) 9 Cal.5th 667, 674 [no procedural bar to a *Banks*/*Clark* habeas challenge to the special circumstance where "no material dispute" as to facts].) If so, consigning defendant to the habeas court would be tantamount to barring review of his felony murder conviction under the terms of section 1170.95.

Because evidence supporting the special circumstance finding has not been reviewed for sufficiency under *Banks* and *Clark*, a court "could properly determine he was ineligible for relief as a matter of law only after reviewing the available record of conviction in light of the *Banks* and *Clark* factors." (*People v. Harris* (2021) 60 Cal.App.5th 939, 956-958, review granted Apr. 28, 2021, S267802.) I would reverse and remand for the trial court to proceed consistently with 1170.95, subdivision (d).

RAPHAEL       
J.