Filed 11/8/22 P. v. Brightmon CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074478 |
| v. | (Super.Ct.No. CR66248) |
| TODD DeWAYNE BRIGHTMON, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded with directions.

Kevin J. Lindsley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Assistant Attorneys General, Meredith S. White, Robin Urbanski and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant, Todd DeWayne Brightmon, filed a petition for resentencing pursuant to Penal Code former section 1170.95,[1] which the court dismissed. On appeal, defendant contended the court erred in summarily dismissing his petition. By opinion filed July 19, 2021, we affirmed the court's dismissal of defendant's petition.

On October 19, 2022, the California Supreme Court transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). On October 21, 2022, we ordered our decision vacated and set a briefing schedule.

Defendant argues that pursuant to *Strong*, he can challenge the jury's true finding on the felony-murder special-circumstance allegations because they were rendered prior to the decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). Defendant maintains he made the requisite prima facie showing, and the matter should be remanded for an order to show cause hearing. The People concede that the matter should be remanded for further proceedings. We reverse and remand the matter for reconsideration.

---

[1] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.) All further statutory references are to the Penal Code unless otherwise indicated.

## I. PROCEDURAL BACKGROUND[2]

A jury found defendant guilty of first degree murder (§ 187, subd. (a), count 1) and found true multiple felony-murder special-circumstance allegations (§ 190.2, subd. (a)(17)). (*Brightmon*, *supra*, E027391.) The jury additionally found true allegations that a principal was armed with a firearm in the commission of the murder. (§ 12022, subd. (a)(1).) Allegations that defendant had suffered four prior prison terms (§ 667.5, subd. (b)) and a prior strike conviction (§§ 667, subds. (c) & (e), 1170.12, subd. (c)) were also found true. The court sentenced defendant to life imprisonment without the possibility of parole, plus five years. Defendant appealed the judgment, which this court affirmed by opinion filed September 20, 2001.[3] (*Brightmon*, *supra*, E027391.)

On September 4, 2019, defendant filed a petition for resentencing pursuant to former section 1170.95. The People filed a response in which they argued, in part, that the petition should be denied because the jury had found true "special circumstance findings that [required] [it] find [defendant] intended to kill or was a major participant [acting] with reckless indifference" to human life. Defense counsel filed a reply

---

[2] On our own motion, we take judicial notice of the record in defendant's appeal from the original judgment (*People v. Brightmon* (Sept. 20, 2001, E027391) [nonpub. opn.] (*Brightmon*)), on which the People below relied, and both parties on appeal rely on for their recitation of the facts. (See Evid. Code, §§ 452, subd. (d), 459; Cal. Rules of Court, rule 8.1115(b)(1).) Nonetheless, we find the facts unnecessary to our resolution of the issues on appeal.

[3] This court modified the judgment only insofar as striking a parole revocation fine. (*Brightmon*, *supra*, E027391.)

contending defendant had "made a prima facie showing that he[] is entitled to relief. It is necessary to conduct further investigation to determine what role, if any, petitioner played in the offense and for the court to examine if [defendant] could be convicted under the law as amended . . . ."

At the hearing on the petition on December 13, 2019, the People moved to dismiss the petition because "there was a felony murder special circumstance found true." The People also noted, in reliance on *Brightmon*, that defendant "testified for a codefendant and admitted that he shot the victim. So he's the actual killer based on his own testimony." The court asked defense counsel if she took issue with the People's representation that defendant had testified that he was the actual shooter. Defense counsel responded that she did not. The court dismissed the petition over defense counsel's objection.[4]

## II. DISCUSSION

Defendant argues the court erred in dismissing his petition, and the matter should be remanded for an evidentiary hearing. The People concede the matter should be remanded for further proceedings. We remand the matter for a new prima facie hearing.

---

[4] The reporter's transcript reflects that the trial court *dismissed* the petition; however, the minute order indicates it *denied* the petition. We shall direct the court to correct its minute order. (See *People v. Jones* (2012) 54 Cal.4th 1, 89 [The minute order "'does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize.'"].) The reviewing court has the authority to correct clerical errors in the minute order. (*People v. Contreras* (2009) 177 Cal.App.4th 1296, 1300, fn. 3.)

"Senate Bill 1437 [(2017-2018 Reg. Sess.)] significantly limited the scope of the felony-murder rule to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*Strong*, *supra*, 13 Cal.5th at pp. 707-708.) "Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended. [Citations.] Under newly enacted section 1172.6, the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citations], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to . . . Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437 [citation]." (*Id.* at p. 708, fn. omitted.)

"When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong*, *supra*, 13 Cal.5th at p. 708.) "As a general matter, a trial court should afford both parties the opportunity to brief the question of a petitioner's eligibility for relief and may extend the briefing deadlines 'for good cause' as necessary to ensure that such an opportunity is meaningful." (*Lewis*, *supra*, 11 Cal.5th at p. 966, fn. 4.)

5

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for . . . relief, the prima facie inquiry . . . is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, "'the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.'" [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'" (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id*. at p. 972.) "[T]he 'prima facie bar was intentionally and correctly set very low.'" (*Ibid*.)

Where a defendant's "case was tried before both *Banks* and *Clark*, . . . special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong*, *supra*, 13 Cal.5th at p. 721.) A court "err[s] in concluding otherwise." (*Ibid.*)

If, instead, a defendant has made a prima facie showing of entitlement to relief, "'the court shall issue an order to show cause.'" (*Strong*, *supra*, 13 Cal.5th at p. 708.) Once the court determines that a defendant has made a prima facie showing, "the court must [then] hold an evidentiary hearing at which the prosecution bears the burden of proving, 'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' under state law as amended by Senate Bill 1437. [Citation.] 'A finding that

6

there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' [Citation.] 'If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges.'" (*Id.* at p. 709.) "Senate Bill 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life . . . .'" (*Id.* at p. 710.)

"[E]ffective January 1, 2022, the Legislature limited use of prior appellate opinions, allowing trial judges to 'consider the procedural history of the case recited.' [Citation.] . . . [I]ts specificity indicates the Legislature has decided trial judges should not rely on the factual summaries contained in prior appellate decisions when a [former] section 1170.95 petition reaches the stage of a full-fledged evidentiary hearing." (*People v. Clements* (2022) 75 Cal.App.5th 276, 292; accord *People v. Flores* (2022) 76 Cal.App.5th 974, 988 ["[T]he factual summary in an appellate opinion is not evidence that may be considered at an evidentiary hearing to determine a petitioner's eligibility for resentencing."].)

Here, the court dismissed the petition based on a determination that defendant was the actual killer. However, although defendant testified he had possession of the gun when it "went off," killing the victim, he was not convicted as the actual killer; instead, a jury found defendant's codefendant guilty as the actual killer of the victim, for which the

7

court sentenced him to death. (*Brightmon*, *supra*, E027391; see *People v. Johnson* (2015) 61 Cal.4th 734, 740.) Therefore, the court erred in denying defendant's petition on that basis.

Moreover, the jury rendered the special murder circumstance findings before both *Banks* and *Clark* were decided. With respect to those findings, "no judge or jury has ever found the *currently* required degree of culpability . . . ." (*Strong*, *supra*, 13 Cal.5th at p. 718, italics added.) Thus, contrary to our original determination, the felony-murder special-circumstance findings did not, alone, render defendant per se ineligible for relief. Therefore, the matter must be remanded for a new prima facie hearing.

## III. DISPOSITION

The order dismissing defendant's petition is reversed. The matter is remanded with directions to hold a new prima facie hearing. We express no opinion on whether defendant is entitled to relief following the hearing. The superior court is directed to modify its December 13, 2019, minute order to reflect that it dismissed, rather than denied, defendant's petition for resentencing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

RAPHAEL
J.

8