Filed 10/13/21  P. v. Martinez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075673 |
| v. | (Super.Ct.No. RIF108662) |
| LOUIS ROBERT MARTINEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed with directions.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lynne G. McGinnis and Arlene A. Sevidal, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant, Louis Robert Martinez, filed a petition for resentencing pursuant to Penal Code section 1170.95,[1] which the court summarily denied. On appeal, defendant contends the court erred in summarily denying his petition without affording him the opportunity "to brief the issues, or allow[] [defendant] to develop the record and to marshal evidence bearing upon whether an Order to Show Cause . . . should issue." We affirm.

## I. PROCEDURAL BACKGROUND[2]

The People charged defendant, and two other defendants, Jason Lee Lucero and Paul Peter Aguilar, in the same information with the following offenses: conspiracy to commit murder (§ 182, subd. (a)(1), count 1); the willful, deliberate, and premeditated attempted murder of Daniel Pehrson (§§ 664, 187, subd. (a), count 2); residential burglary (§ 459, count 3); two counts of assault with a semiautomatic firearm (§ 245, subd. (b), counts 4 & 5); and actively participating in a criminal street gang (§ 186.22, subd. (a), count 6). It was further alleged that all three defendants intentionally discharged a firearm (§ 12022.53, subds. (c), (e)(1), counts 1 & 2), and committed the crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)(1), counts 1, 2 & 3). (*Martinez*, *supra*, E036407.)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] By order dated October 26, 2020, we took judicial notice of the opinion in *People v. Martinez* (May 5, 2006, E036407) [nonpub. opn.] (*Martinez*), from defendant's appeal from the judgment. (Evid. Code, § 459.) On January 5, 2021, we reserved ruling on defendant's request for judicial notice of legislative materials filed December 11, 2020. The request is denied as unnecessary to the resolution of the issue on appeal.

The People tried all three defendants before the same jury. Lucero was tried as the shooter. The People prosecuted defendant and Aguilar as aiders and abettors to the premeditated attempted murder. (*Martinez*, *supra*, E036407.)

The jury was unable to reach a verdict on count 1, and a mistrial was declared on that count. The jury found all three defendants guilty as charged on the other counts and found the firearm and gang allegations true. On July 16, 2004, the court sentenced defendant to 35 years to life.

Defendant appealed the judgment contending, in part, that the trial court erroneously instructed the jury that an aider and abettor may be guilty of premeditated attempted murder under the natural and probable consequences doctrine, even if the aider and abettor does not personally act with premeditation. By opinion filed May 5, 2006, this court concluded that the trial court properly instructed the jury on the liability of an aider and abettor for premeditated attempted murder under the natural and probable consequences doctrine. (*Martinez*, *supra*, E036407.)

Defendant additionally maintained that the gang enhancements in counts 2, 4, and 5, and his 15-year minimum parole eligibility date (MPED) on count 2 were unauthorized and must be stricken. This court agreed, struck the gang enhancements, reversed the MPED, and remanded the matter with directions to modify the judgment to correct the sentencing errors. (*Martinez*, *supra*, E036407.) The court subsequently resentenced defendant to a determinate term of 20 years imprisonment and an indeterminate term of life with the possibility of parole.

On June 12, 2020, defendant filed a form petition for resentencing pursuant to section 1170.95 in which he alleged he had been convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine.  At the hearing on his petition on August 7, 2020, the People noted, "This is another case that involves only attempt[ed] murder.  [¶] . . . [¶]  My notes indicated attempt[ed] murder and other non-homicide convictions only."  The court confirmed, "It's an attempt[ed] murder only."

Defense counsel made a nonspecific objection to the court dismissing the matter. The court observed, "the prevailing case law is that [section] 1170.95 terms do[] not apply to attempt[ed] murder."  The court then summarily denied the petition.[3]

## II.  DISCUSSION

Defendant contends the court erred in summarily denying his petition.  He maintains that the natural and probable consequences doctrine has been abrogated as to murder and attempted murder; ergo, he asserts he is entitled to relief pursuant to

---

[3] The reporter's transcript reflects that the court summarily denied the petition. The minute order indicates the court dismissed the petition.  We shall direct the court to correct the minute order.  (See *People v. Jones* (2012) 54 Cal.4th 1, 89 [The minute order "'does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize.'"].)  The reviewing court has the authority to correct clerical errors in the minute order.  (*People v. Contreras* (2009) 177 Cal.App.4th 1296, 1300, fn. 3.)

section 1170.95 because he was convicted pursuant to the natural and probable consequences doctrine.[4] We disagree.

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats 2018, ch. 1015, § 1, subd. (f).) In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

"Pursuant to section 1170.95, an offender must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.'

---

[4] At oral argument, defendant requested permission to file a supplemental brief to address the potential ramifications of then pending Senate Bill No. 775 (2021-2022 Reg. Sess.). The Governor signed Senate Bill No. 775 on October 5. 2021. Defendant's request is denied.

[Citations.] Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.' (§ 1170.95, subd. (b)(1)(C).) If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.'" (*Lewis*, *supra*, 11 Cal.5th at pp. 959-960.)

In this case, the trial court denied defendant's petition at the prima facie stage under section 1170.95, subdivision (c). "A denial at that stage is appropriate only if the record of conviction demonstrates that 'the petitioner is ineligible for relief as a matter of law.' [Citations.] This is a purely legal conclusion, which we review de novo." (*People v. Murillo* (2020) 54 Cal.App.5th 160, 167, review granted Nov. 18, 2020, S264978; accord, *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1137, 1142, review granted Oct. 14, 2020, S264284.)

Here, the trial court erred in denying the petition without permitting briefing. (*Lewis*, *supra*, 11 Cal.5th at p. 957.) However, the *Lewis* court announced a harmless error standard when a trial court deprives a defendant of his statutory rights under section 1170.95: "[W]e conclude that the deprivation of [the defendant's] right to counsel under subdivision (c) of section 1170.95 was state law error only, tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818." (*Lewis*, at pp. 957-958.) "[A] petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."'" (*Id*. at p. 974.) We presume that standard would also apply to the deprivation of defendant's statutory right to file a reply brief. Thus, defendant has the burden of showing

6

that it is reasonably probable that if he had been afforded the right to file a reply brief, his petition would not have been summarily denied.

Here, defendant cannot bear the burden of showing that it is reasonably probable that his petition would not have been summarily denied if he had been permitted briefing on the matter because section 1170.95 does not apply to those, like defendant, who have been convicted of attempted murder.

"By its plain language, section 1170.95 . . . makes resentencing relief available only to qualifying persons convicted of murder."  (*People v. Sanchez* (2021) 48 Cal.App.5th 914, 918; accord *People v. Larios* (2019) 42 Cal.App.5th 956, 970, review granted Feb. 26, 2020, S259983 ["[T]he relief provided in section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder."]; accord *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1105, review granted Nov. 13, 2019, S258175 ["The plain language meaning of Senate Bill 1437 as excluding any relief for individuals convicted of attempted murder is fully supported by its legislative history."]; *People v. Munoz* (2019) 39 Cal.App.5th 738, 753, review granted Nov. 26, 2019, S258234 ["Senate Bill 1437 does not apply to the offense of attempted murder."]; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1018, review granted Mar. 11, 2020, S259948 ["[T]he relief provided in section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder."]; *People v. Dennis* (2020) 47 Cal.App.5th 838, 841, review granted July 29, 2020, S262184 ["Senate Bill 1437 . . . reaches the crime of murder but has no application to attempted murder."]; accord *People v. Love* (2020) 55 Cal.App.5th 273,

286, review granted Dec. 16, 2020, S265445 ["In our view, Senate Bill 1437's legislative history pretty clearly establishes that its amendments apply to the crime of murder and to that crime alone."]; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 223 ["Senate Bill 1437 does not apply to attempted murder."]; accord *People v. Harris* (2021) 60 Cal.App.5th 557, 566, review granted Apr. 21. 2021, S267529 ["[R]elief under section 1170.95 is not available to those convicted of attempted murder."].)

We agree with the previous panels of this court in *People v. Sanchez*, *supra*, 48 Cal.App.5th 914, and *People v. Harris*, that the plain language of section 1170.95 limits relief to those convicted of murder; no reference to attempted murder appears in section 1170.95. Thus, the court properly denied defendant's section 1170.95 petition because defendant had been convicted of attempted murder in count 2, not murder.

Three courts have held that Senate Bill No. 1437 does apply to those convicted of attempted murder but only on direct appeal from the judgment: "[W]e conclude Senate Bill 1437 precludes any imposition of vicarious liability under the natural and probable consequences doctrine if the charged offense requires malice aforethought. Because malice cannot be imputed to a defendant who aids and abets a target offense without the intent to kill, the natural and probable consequences doctrine is no longer a viable theory of accomplice liability for attempted murder." (*People v. Medrano*, *supra*, 42 Cal.App.5th at p. 1013; accord *People v. Larios*, *supra*, 42 Cal.App.5th at p. 968 ["Senate Bill 1437's abrogation of the natural and probable consequences doctrine as stated in section 188, subdivision (a)(3) necessarily applies to attempted murder."]; accord *People v. Sanchez* (2020) 46 Cal.App.5th 637, 644, review granted June 10, 2020,

8

S261768 ["[W]e conclude Senate Bill No. 1437 abrogates the natural and probable consequences doctrine in attempted murder prosecutions."].)  However, "the section 1170.95 petitioning procedure . . . does not apply to defendants for their convictions of attempted murder . . . ."  (*People v. Medrano*, at p. 1008; accord *People v. Larios*, at p. 961 ["[S]ection 1170.95 provides no relief for the crime of attempted murder."]; accord *People v. Sanchez*, at p. 644 [The conclusion that "Senate Bill No. 1437 abrogates the natural and probable consequences doctrine in attempted murder prosecutions . . . applies retroactively on direct appeal."].)  Thus, even if we assumed that Senate Bill No. 1437 applied to convictions for attempted murder, the petitioning and resentencing procedures of section 1170.95 do not.  Therefore, because defendant's appeal is from the denial of a section 1170.95 petition and not from the judgment, he is not entitled to any relief.  The court properly denied his section 1170.95 petition.

## III.  DISPOSITION

The order denying defendant's petition is affirmed.  The court is directed to modify its August 7, 2020, minute order to reflect that the court summarily denied, rather than dismissed, defendant's petition for resentencing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER_____
Acting P. J.

We concur:


SLOUGH_____
J.


MENETREZ_____
J.